1844.

Bodine
v.
Edwards.

---

### Bodine and others *vs.* Edwards and others.

An allegation, in a creditor's bill, that the lands therein described are held by two of the defendants, the daughters of the judgment debtor, in trust for him, will not be sustained by showing that the debtor purchased the lands with his own funds, and took the deed thereof in the name of the daughters, as an absolute gift to them, and that the complainants' debt was contracted previous thereto, and that the debtor was insolvent at the time of such purchase.

But to reach the lands in the hands of the daughters, in such a case, the complainants must state, in their bill, the facts which will render the transaction fraudulent, as against the creditors of the judgment debtor, so as to raise a trust in favor of such creditors under the fifty second section of the article of the revised statutes relative to uses and trusts.

The revised statutes have put an end to resulting trusts arising from the payment of the purchase money by one person, and taking a conveyance of the land purchased in the name of another, so far as relates to any trust in favor of the person who voluntarily pays the consideration for such a conveyance.

January 3. THIS was an application by the complainants for the appointment of a receiver, as to certain property alleged to be holden by the two daughters of the defendant, O. Edwards, in trust for him. The affidavits showed that the property was not holden in trust for him, but that it was purchased with his funds, and that the title was taken in the names of his two daughters as an absolute gift to them.

---

(*a*) See *Tice* v. *Annin*, (2 *John. Ch. Rep.* 125;) and *Heyer* v. *Pruyn*, (7 *Paige's Rep.* 465.)

*R. W. Townsend,* for the complainants.

*C. De Witt,* for the defendants.

THE CHANCELLOR.   The revised statutes have put an end to resulting trusts, arising from the payment of the purchase money by one person and taking the conveyance in the name of another, so far as relates to any trust in favor of the person who voluntarily pays the consideration for such a conveyance.   The allegation in this bill that the daughters hold the property in question in trust for their father cannot be sustained, even by showing that the complainants' debt was contracted before this conveyance to the daughters was made, and that the father was then insolvent; as that would not raise a trust in his favor. To reach the property in the hands of the daughters, it is necessary to charge in the bill the circumstances which would render the transaction fraudulent as against the creditors of the father; so as to raise a trust in favor of such creditors, under the fifty-second section of the article of the revised statutes relative to uses and trusts.   (1 *R. S.* 728.)   The whole equity of this bill, so far as relates to the daughters, is denied by their affidavit.   The motion for a receiver as to them must therefore be denied; but without prejudice to the right of the complainants to renew their application upon an amended bill.