Mason, J.
The plaintiff in this case brought his complaint for an injunction, to restrain the defendant from darkening his windows, by the erection of a building, and also from selling liquor on his premises, contrary to the covenants contained in an agreement made between the defendant and the assignor of -the plaintiff.
An ex parte application having been made to a justice at chambers, upon the matters stated in the complaint, he directed notice to be given to the defendant to show cause why the injunction prayed for should -not issue, and granted a temporary injunction in the mean time.
The defendant on the return -of the order, showed cause by his answer to the complaint, duly verified, and also by the affi-davits of several persons in support of the answer, and the motion has been argued at length by the respective counsel. The questions raised on -the argument were principally those of practice, *676 some of which have never been, as far as I can discover, settled in this state.
The plaintiff’s counsel in the first place, objected to any affidavits being read in support of the answer. That objection, however, is overruled by the case of the Village of Seneca Falls v. Matthews, (10 Paige, 504,) in which the chancellor expressly held, that in a case like the present, upon an order to show cause why a preliminary injunction should not be granted, whether a temporary injunction is or is not allowed in the meantime, the defendant has a perfect right to introduce his own or any other affidavits for the purpose of showing that the injunction should not be granted as asked for, and that he may use such affidavits in a case of that kind, although he had put in his answer, denying the whole equity of the bill, or has neglected to answer the bill fully, so that his answer may be excepted to for insufficiency ; for the answer, he adds, in such a case is only used as an affidavit on the part of the defendant, in opposition to the complainant’s application.
The plaintiff’s counsel next insisted that he was entitled to the injunction, because the facts on which the equity of the bill rests were not denied by the answer, and contended that on this motion the court could not regard matter in avoidance, set up in the answer and supported by the affidavits, however conclusive such matter might be against the plaintiff’s right, but the defendant must continue under injunction until the hearing. And the cases cited by the counsel from Maryland, certainly support the proposition. In the Bellona Company's case, (3 Bland Ch. R. 442—445,) it is stated by the chancellor, to be “ a well established rule, that on a motion to dissolve an injunction, the ■ defendant can only ask for a dissolution, upon so much of his answer as is properly responsive to the bill; no new matter in avoidance, making its appearance for the first time, can in this stage of the cause, be allowed to form any part of the defendant’s motion for a dissolution. It is a direct and responsive denial of the facts composing that case, on which the plaintiff’s equity rests, which alone can entitle the defendant.” The same doctrine is held in other cases reported in the Maryland reports, and also in Linsey v. Etheridge, (1 Dev. & Battle’s R. 38.) With all *677 due respect to these authorities, I confess myself so dull as not to see the force of their distinction. If a defendant in answer to a bill asking for an injunction against the violation of a covenant alleged to have been entered into by him, should deny that he executed the covenant, the injunction according to these cases would not be granted, or if granted, would be dissolved. If, however, he should admit that the covenant had been made, but should set up a release by the plaintiff, so that it was no longer in existence, the injunction must be granted, or if granted, continued till a final decree. What greater potency or virtue there is in an oath denying an allegation, than in an oath confessing and avoiding it, I cannot divine.
Such a doctrine has never, I believe, been held in this state. There is indeed a dictum to that effect by Chancellor Kent, in Minturn v. Seymour, (4 J. C. R. 499,) in which that eminent judge says of the answer in that case, that it endeavored to strengthen the defendant’s case by the introduction of new matter, and if the defence rested on such new matter, and had admitted the equity set forth in the bill, then according to the reason of the thing, and the general rule declared in Allen v. Crobroft, (Barnadiston Ch. R. 373,) the injunction ought to have been continued to the hearing. “ But in this case,” he added, “ the equity of the bill is denied.” The case from Barnadiston was cited on the argument of this motion, and fully bears out the position contended for. Chancellor Bland, in Simon v. Clagget, (3 Bland. Ch. R. 162,) remarked that he was inclined to believe that this very case had been mainly instrumental in establishing the rule in the court of chancery in Maryland. But he also remarked, that the rule was not mentioned in any English abridgment, digest, compilation or book other than that book, wherein the case referred to is reported, and he referred to Lord Manfield’s celebrated condemnation of the book, as reported in Zouch v. Woolston, (2 Burrows, 1142.) The reporter says “Lord Mansfield absolutely forbid the citing that book, for it would only be misleading the students to put them upon reading it. He said it was marvellous, however, to those who knew the Sergeant, and his manner of taking notes, that he should so often stumble upon *678 what was right; but yet that there was not one case in his book which was so throughout.”
The case in Barnadiston is not only unsupported by any other English authority, but is also in opposition to the principles of the English decisions on this point.
Thus it is well settled in England, that if a plea to the whole bill be allowed, the plaintiff may move for a dissolution of the injunction, because a plea allowed is to be considered as a full answer. (Drewry on Injunctions, p. 411. 3 Daniel’s Pr.) But a plea allowed is an admission of the facts alleged by the plaintiff in his bill, and that they would be a sufficient foundation for a decree, but for the new matter set up in the plea. The defendant is not compelled, however, to wait until he has proved his plea; he is entitled to a dissolution of the injunction, as soon as the court have decided that the plea, if true, is a good defence to the action; and by parity of reasoning, if the defendant set sup his defence by answer instead of by plea, he is equally entitled to a dissolution of the injunction, or to prevent its being issued, upon the court being satisfied that the matter set up in the answer, if true, would constitute a good defence. Since then, we find the established rule with regard to pleas, to be such as I have stated, and the English authorities, with the single exception of the case from Barnardiston, make no mention or the distinction taken in the American cases above cited, between a simple denial of the case made by the bill and matter set up in the answer by way of avoidance ; I think I am justified in saying, that the rule contended for by the plaintiff, is without precedent in England, and he has failed to show any precedent in this state.
I shall, therefore, for the purposes of this motion, take into consideration the matters set up by way of avoidance of the complaint, in the answer and the accompanying affidavits. It will be perceived I have, in the examination of this question, considered the rule to be the same, whether the application is on the part of the plaintiff for an injunction, or on behalf of the defendant for the dissolution of one already granted. The same principles govern either mode of presenting the question.