## HALL a. LINDO.

*New York Common Pleas ; Special Term, February, 1859.*

### Costs.—Separate Defences.

If before the service of an order allowing a party to discontinue on payment of costs, the adverse party has noticed the cause for trial, he is entitled, as a part of the costs on the discontinuance, to the fee for proceedings subsequent to notice of trial.

In an action to dissolve a copartnership and for an accounting, the defendants appeared by the same attorney, but put in separate defences.

*Held,* that they were not entitled to separate bills of costs.

Motion for a readjustment of costs.

This was an action brought against the defendant Lindo and one Ellen Banks for the dissolution of a copartnership, and an accounting. The defendant Banks was a married woman. Both defendants appeared by one attorney ; the former put in an answer, the latter a demurrer, to the complaint. The plaintiff desiring to discontinue, after request for consent from defendants' attorney, and a refusal by him, moved for and obtained an order allowing him to discontinue, " on payment of costs of suit to be taxed."

Before this order was served on the defendants' attorney, he noticed the cause for trial.

The clerk, on taxing the costs to be paid on discontinuance, allowed the defendants but one bill of costs, and included in that the item for proceedings subsequent to notice of trial.

Both parties now moved for a readjustment.

*George Carpenter*, for the plaintiff.

*A. B. Capwell*, for the defendants.

HILTON, J.—The plaintiff appeals from the decision of the clerk on adjusting costs, in allowing for proceedings subsequent to the notice of trial; but as it appears that the notice of trial was served before the defendants received the order permitting the plaintiff to discontinue on payment of costs, I do not understand upon what principle the defendants can be deprived of a fee to which they became entitled on serving the notice.

The defendants also appeal from the adjustment, claiming to be entitled to separate bills of cost, inasmuch as the defendants were not united in interest, and a separate and distinct defence was interposed on behalf of each; and although the same attorney appeared for both, yet that fact, under the peculiar circumstances of this case, ought not to deprive either defendant of his right to costs. (*Code*, § 306.)

Undoubtedly the general rule is, that several defendants jointly liable do not become entitled to separate bills of costs, by defending by different attorneys, where the court can perceive that the object is to charge the plaintiff with unnecessary expense upon his failure in the action, provided the defence of each is substantially the same.

But when the defendants are not jointly liable or united in interest, and their separate defences are of a nature that cannot be joined, I know of no rule which deprives either of his costs in case of a recovery by both. The fact ·of their employing the same attorney is a circumstance which will induce the court to look into the case *closely*, for the purpose of discovering whether the separate defences were necessary, and were interposed in good faith, but it has no other effect. (Castallanos *a.* Beauville, 2 *Sandf.*, 677; Wilbur *a.* Wiltsey, 13 *How. Pr. R.*, 506; Walker *a.* Russell, 16 *Ib.*; Danfield *a.* Gayler, 12 *Wend.*, 236.)

In the present instance the action is brought to dissolve a copartnership, and for an accounting between the parties. A separate defence was not necessary to protect the individual

rights of the defendants, and under the circumstances shown by the pleadings, the clerk very properly allowed but one bill of costs.

Motion for readjustment denied.