By the Court.—Monell, J.
There were sufficient facts, we think, before the Special Term to put the defendant in contempt. The allegation that the defendant’s wife had some right or interest in the real estate, conveyed by reason of her having advanced the purchase money therefor, does not affect the question. The defendant had the legal title to the property (1 R. S. 728, § 51), and there was no resulting trust in favor of his wife (Bodine v. Edwards, 10 Paige, 504; Jencks v. Alexander, 11 Id. 619 ; Garfield v. Hatmaker, 15 N. Y. R. 475).
If, therefore, the injunction was subsisting when the defendant conveyed the property, the fact stated in his affidavit was no answer to the alleged contempt; and the real and only question, we think, is, whether the injunction was then in force.
In Cowdrey v. Carpenter (2 Robt. 601), this court held that a stay of proceedings upon a judgment merely suspended supplemental proceedings upon the judgment; *413 and that it was not competent for the court or judge, pending such stay to dismiss the supplemental proceeding. In that case the stay was obtained by giving an undertaking upon an appeal from the judgment, and the court says the appeal suspends the plaintiff’s right to obtain the benefit of his lien, but does not take it away.
We have examined the other objections taken by the appellant, but do not find any of them to be well taken.
The order appealed from, was correct, and should be affirmed, with costs.
Curtis, J., concurred.