AND

## THE CORRECTION OF ERRORS,

OF THE

## STATE OF NEW YORK.

IN SEPTEMBER AND DECEMBER, 1826.

———•♦•———

JOSHUA DYETT, plaintiff in error, *against* JOHN B. PENELETON, defendant in error.

After judgment, and error brought, no bail being in, the defendant in error sued out a *fi. fa.;* and the plaintiff in error gave his notes for the amount of the judgment, agreeing that it would stand as security. *Held,* no ground for setting aside or staying proceedings on the writ of error.

Even a payment of the judgment would be no ground for this. Per JONES, chancellor, and COLDEN, senator.

Nor would the collection of the money by execution. Per COLDEN, senator.

*Semb.* the court of errors cannot try a question of fact arising on motion by a jury; nor can they send it to an inferior court for trial in that way.

ON error from the supreme court, on a judgment there, for damages and costs, in favor of Pendleton against Dyett.

*J. A. Dunlop,* for the defendant, moved that the writ of error be quashed, on the ground that no bail in error having been put in, a *fi. fa.* was issued and levied; and the suit settled by certain negotiable promissory notes, given by the defendant below; the judgment to stand as security. The notes were at three, six and nine months. Proof of the settlement was by the affidavit of the defendant in error; and the deputy who held the *fi. fa.*

NEW YORK.
Sept. 1826.

Dyett
v.
Pendleton.

*H. W. *Warner*, contra, read an affidavit of the plaintiff in error, denying that the notes were given upon any agreement or understanding not to bring error; but on the contrary, accompanied with a declaration of an intention to bring error.

*Dunlap* said the court of error would always interfere and dismiss the proceeding summarily, where the writ of error was prosecuted vexatiously, as for delay, or against an agreement of the parties, or contrary to good faith. (*Hartshorne* v. *Sleght*, 3 John. Rep. 554, 556, 7, per the Chancellor. *Camden* v. *Edie*, 1 H. Bl. 21.) Here was a settlement of the suit. This of itself operated as an agreement not to proceed with the writ of error. It put an end to the suit. It was not necessary that such agreement should have been in writing. (*Chamberlain* v. *Fitch*, 2 Cowen, 243, 245.) In *Executors of Wright* v. *Nutt*, (1 T. R. 388,) the agreement of the attorney not to bring error was by parol; yet the court of error held him to it, and *non-prossed* the writ. In *Gates* v. *West*, (2 T. R. 183,) the defendant's attorney had agreed that the money should be paid, if time was given. Time was given, and yet he brought error. The court allowed execution to go, although bail was in. They held the writ of error to be contrary to good faith. Agreements not to bring writs of error are favored and construed liberally by the courts. (1 Arch. Pr. 211. 1 T. R. 388.) *Entwistle* v. *Shepherd*, (2 T. R. 78,) and note(c) to that case, show that the court of error will struggle to avoid the effect of the writ, where it appears to be merely for delay. In the case at bar, the object is plainly mere delay. Nothing can be gained by the plaintiff in error, even if there be a reversal, except the costs of the suit in this court, especially if the notes have been assigned.

[COLDEN, Senator. But the defendant in error denies that this suit was settled by the notes. He says the right to go on with the writ of error, was expressly reserved by him. This would seem to destroy the effect which you attribute to the settlement. It goes to contradict your

*case. How are we to satisfy ourselves that the parties in-
tended to dispose of this writ of error? The fact is dis-
puted.]

*Dunlap.* The court should at any rate give us a chance
to try the fact. Here is testimony independent of the par-
ties. A jury would of course be with us; or this court
can take the same ground.

SPENCER, Senator. I am aware of no power in this
court to try a question of fact by jury; nor that they can
send down the question to another court. But no agree-
ment as to this writ of error is sworn to. The defendant
in error seeks to make one out merely by way of inference.
The plaintiff in error sets up a fact not at all inconsistent
with the facts on the other side, which shows that there was
no agreement in the case. The mere giving of the notes
in payment or security of the judgment below, can form
no objection to the writ of error. I think the motion should
be denied.

JONES, Chancellor. This case is perfectly clear. It
must rest on one of two grounds, either that an accord and
satisfaction is made out, or that there was an agreement
not to pursue the writ of error. Neither is sworn to di-
rectly on the part of the application, while both are denied
by the plaintiff in error. If he had paid the money on the
judgment voluntarily, that would have been no ground for
this motion. If the judgment be reversed, it will be a
good defence against the notes, provided they remain in
the hands of the defendant in error. If they shall be assign-
ed, a writ of restitution may issue. In any point of view,
the motion must be denied.

COLDEN, Senator. This case is certainly not so strong
for the motion, as if the money had been paid, or collect-
ed on execution; and I never heard that either would be
a reason against a writ of error. It might still proceed,
and on reversal, writ of restitution would go. The plain

NEW YORK, tiff in error denies that the notes were intended as a set
Sept. 1826. tlement of the writ of error.   It is alleged that the judg·
Clowes      ment was to stand as security for the notes.   Be it so.   If
v.          the judgment is affirmed, it will be collected; if reversed,
Dickenson.  it would be unreasonable to hold the plaintiff in error to
the payment.   The agreement must be taken that the
judgment should stand upon its own strength.   I have no
doubt of the power of this court to set aside a writ of er·
ror; where it is in violation of an agreeement or of good
faith.   But this is not such a case.(a)

  *Per totam curiam*

            Motion denied.

  (a) Where a defendant obtained time to plead, on the terms of giving judg
ment of a certain term, and afterwards brought a writ of error, the court
quash the writ.   *Cave v. Masey,* 3 B. & C. 735