ALBANY,
Nov. 1834.

Canfield
v.
Gaylord.

CANFIELD. and others *vs.* GAYLORD and others.

Where four defendants in an action of ejectment *unite* in the plea of the *general issue*, and three of them are acquitted, the defendants acquitted are entitled to a full-bill of costs, notwithstanding that the services rendered and expenditures incurred in their defence were also rendered and incurred for the other defendant, against whom there was a verdict.

They cannot, however, make up a separate record for their costs, but must apply to the plaintiff to have a judgment for costs in their favor incorporated into the record made up by him.

November 20.    THIS was an action of ejectment against *four* defendants, who joined in putting in a plea of *not guilty*. On the trial, *three* of the defendants had a verdict in their favor, and the plaintiffs had a verdict against the fourth defendant. The three defendants had a full bill of costs taxed in their favor, the same as if a verdict had been rendered in favor of *all* the defendants. The plaintiffs' counsel objected, before the taxing officer, that no allowance ought to be made to the defendants, for services rendered or expenditures incurred on account of the *joint* defence, the defendants who had succeeded being entitled only to such costs as had been incurred by them separate and distinct from the joint defence. The objection was overruled, and the plaintiffs now applied for a retaxation, stating that the defendants threatened to make up a record, and to collect their costs by execution. They had charged for making up a record and issuing execution, but the taxing officer had stricken out those charges.

*By the Court*, SUTHERLAND, J. The defendants who obtained a verdict are entitled to a full bill of costs against the plaintiffs. 2 R. S. 616, § 18. The statute gives them their costs; and although the same services which were rendered for them were also rendered for the other defendant, against whom the plaintiff recovered, still, as the statute has not prescribed any rule of apportionment in such a case, it is not in the power of the court to make it. The defendants, however, have no right to make up a separate record; they are entitled to have a judgment for costs in their favor, incorporated into the

plaintiff's record ; and if he refuses so to make up his record, the court will compel him to do it. The items in relation to a separate judgment having been stricken out by the taxing officer, there is no necessity for a re-taxation.

Motion denied.