By the Court, Bronson, J.
The plaintiffs are entitled to judgment for treble damages against the defendant Elisha Cady, amounting to twelve dollars. (Stat. 1834, p. 544, § 12.) And the defendants are entitled to judgment against the plaintiffs for *266 costs. The treble damages against Elisha not being enough to give the plaintiffs costs against him, (2 M. iS. 616, § 23,) he is entitled to costs against them. (Id. 615, § 16.) Jonathan, who was acquitted, is of course entitled to costs. (Id. § 18.) So far as costs are concerned, the case is substantially the same as though both defendants had been acquitted by the jury. They are not entitled to tax several bills, for the reason that both recover costs, and there have been no separate services, except for the pleas. Where the plaintiff has a verdict vihich carries costs against one defendant, and the other is acquitted, the latter is entitled to a full bill of costs against the plaintiff; and this is so although the services were performed alike for both defendants. This results from the fact that the statute gives costs to the defendant acquitted, and prescribes no rule of apportionment. (Canfield v. Gaylord, 12 Wend. 236.) But where there was but one set of services, and both defendants are acquitted, they cannot tax separate bills, and so recover double costs. And the rule is the same, I think, where, although there is a verdict against one defendant, the case is such that both recover costs. The motion for two judgments(a) and separate bills of costs for each defendant must therefore be denied. They can only tax one bill. But they may insert in that a charge for two pleas, because the action was for a tort, and they pleaded separately.
The attorney for the plaintiffs must make up the record in pursuance of these suggestions within ten days after the costs shall be taxed; and in default of his doing so, the attorney for the defendants may make up the record.
Ordered accordingly.(b)

 See Webb v. Bulger & Bulger, (4 Hill, 588.)

 See Tenbroeck and wife v. Paige and Finch, (post, p. 267.)