## JOHNSON *a.* FARRELL.

*Supreme Court, Second District; General Term, May,* 1860.

JUDGMENT FOR COSTS.—MODE OF ENTERING.—APPEAL.

Where on a recovery of a money demand by the plaintiff, the defendant is entitled to costs, the costs should be set off against the plaintiff's recovery, and there should be but one judgment entered and execution awarded, for the excess of the one over the other, to whichever party it belongs.

When, in such a case, defendant entered a judgment for his costs, and plaintiff's application to have the judgment set aside was refused by the court—

*Held,* that the judgment should be reversed on appeal, and the proceedings remitted.

*It seems,* that the order denying the motion to set aside the judgment would be appealable.

Appeal from an order and a judgment of the City Court of Brooklyn.

The facts are stated in the opinion.

*Mr. Garrison,* for the appellant.

*Mr. Thornton,* for the respondent.

BY THE COURT.*—EMOTT, J.—The judgment which was entered in this action in the City Court was plainly irregular and improper. The plaintiff sued on a money demand; the defend-

---

* Present, LOTT, EMOTT, and BROWN, JJ.

ant answered payment and the statute of limitations. The case was referred, and the referee reported that there was $47 due the plaintiff. Upon this report the defendant was entitled to costs, but the plaintiff was also entitled to the amount due him. The amount of the defendant's costs, when taxed, should have been set off in the judgment against the plaintiff's recovery, and execution awarded for the excess of the one amount over the other, to whichever party it belonged. Instead of this, the defendant proceeded to tax his costs, and to enter up a separate and complete judgment and award of execution against the plaintiff for the whole amount of them. The plaintiff applied to the court below to set aside the judgment, but was refused, and he has appealed both from the judgment and the order refusing to set it aside.

It will be remembered that this was an action between these two parties only, and in which there was not even a counterclaim, nor a demand of affirmative relief of any sort. The only issue was the existence and amount of the debt and its payment. There is nothing in the Code authorizing two judgments in such a case between the same parties, one for the plaintiff for his debt, and another for the defendant for his costs. Section 274 of the Code authorizes judgments for or against one of several plaintiffs or defendants, but not two judgments for or against one plaintiff, and for or against one defendant. The court below must have acted upon the supposition, that the plaintiff could proceed, without vacating the judgment entered by the defendant, to enter another judgment. It could not have been intended that the defendant should recover his costs absolutely and entirely, without reference to the plaintiff's recovery against him. The case is presented to us, however, as if this were the decision of the City Court, for as long as the present judgment stands, it prevents the entry of another, and instead of awarding to the defendant the excess of his costs over the amount reported due from him, it extinguishes his liability altogether, and gives him judgment for his costs in full.

The proper practice, and the only course by which the rights of the parties are protected, is that which obtained in such cases before the Code. The defendant was not entitled to make up a separate record, but to have his costs inserted in the plaintiff's record, and the excess either way awarded where it belonged,

with execution to collect it. If the plaintiff neglected to make up the record, the defendant might have leave to do it. Even then it would not be such a record nor such a judgment as this, but the same judgment which the plaintiff would have made up had he not neglected to do so. The rule that even when there are several defendants, part of them who become entitled to costs, are not entitled to make up a separate record and judgment, will be found in many cases. (See 12 *Wend.*, 236 ; 4 *Hill*, 588.) If the City Court had amended this judgment by inserting the plaintiff's recovery, the whole matter would have been a question of form and practice. But by refusing to interpose, and leaving this judgment to stand as it is, the record which is sent up to us discloses manifest error. We see here a report by the referee in favor of the plaintiff entirely disregarded, and a judgment directly against it in favor of the defendant for his full-taxed costs. This we cannot avoid reversing.

What has now been said would dispose of the objection that the order refusing to set aside the judgment was not appealable. The plaintiff has appealed both from the order and the judgment, and the latter cannot be justified upon its face. But if the consequence of the proceeding in the court below were only to compel the plaintiff to enter another judgment, and issue his execution against the defendant to countervail that issued by the defendant against him, or to apply to the court to offset the two judgments between the same parties in the same cause, which would certainly be a curious procedure,—still I am of opinion that such an order could be reviewed upon appeal. The plaintiff had a strict legal right to have the adjustment and off-set between the amount due to him and from him made, before any judgment passed in the cause. That was not a matter of favor or discretion, nor merely of practice. It might involve serious inconvenience, if not more, to have this denied him, and be driven to an application for a set-off of two judgments where there ought to have been but one. The order which was made denying this right may be regarded as a final determination under section 6 of the act organizing the City Court. That phrase should, in my opinion, be construed, by analogy to the sections of the Code relating to appeals to the Court of Appeals, so as to include determinations made upon applications after judgment, which involve the merits or affect substantial rights.

The appeal from the judgment, however, would bring the question before us, and it may be unnecessary to decide whether an appeal would lie from the order alone.

The judgment and order are reversed, with costs, and the proceedings remitted to the City Court, that judgment may be entered in accordance with the rights of the parties.

## CATLIN *a.* COLE.

*Supreme Court, Second District; Special Term, March,* 1860.

### CASE.—RESETTLEMENT.

After a cause has been heard and determined by the general term, and a statement of the facts found ordered to be annexed to the roll, and an appeal has been taken to the Court of Appeals, a resettlement of the case, and a restatement and refinding of the facts found by the referee, is not to be allowed.[*]

[*] The Court of Appeals hold that their review must be upon the same case on which the cause was heard at general term, except where by the leave of the court below, or on consent, a case containing only the questions of law is substituted; and that though the court below has power to reform the case used in that court, so that it shall present to the Court of Appeals questions of law alone, they have no power to change it by inserting facts otherwise than as found by the referee, or exceptions not taken. (Johnson *a.* Whitlock, 13 *N. Y.* (3 *Kern.*) *R.*, 344.)

Where the case is not properly settled, that court will, in a proper cause, give the appellant leave to apply below to amend the record. (Westcott *a.* Thompson, 16 *N. Y.* (2 *Smith*) *R.*, 613.)

In Smith *a.* Grant (17 *How. Pr. R.*, 381), after a trial by the court, and appeal by defendant, on a case and exceptions, to the general term, judgment was affirmed, on the appeal, on the ground that certain facts were established by the evidence, though not stated in the finding. The defendant appealed to the Court of Appeals; and in that court the cause was ordered to stand over, with leave to the appellant to apply to the court below for a resettlement of the facts found, on the ground that they were not sufficiently stated, and the application was accordingly made, and made at a general term.

*Held,* on such application, 1. That the court at general term could not resettle the facts found below.

2. That they could not send the cause below for a resettlement, because, having pronounced judgment on the appeal, any alteration in the facts found would make it a different case.