The plaintiff sought to establish an interest in and title to two parcels of land, the one containing 234 acres, and the other fifty-two acres, and to compel a specific performance of a contract for the sale to the defendant Ketchum of 110 acres, embracing a part of both tracts. The title to both parcels had become vested in the defendant Davenport; that to the larger tract by purchase at a public sale, on the foreclosure of a mortgage to the State, and to the smaller, by deed from Ketchum. The plaintiff had been the owner in fee of the large parcel, and claimed that the sale on foreclosure was irregular and illegal, and had been procured by fraud and collusion on the part of, and between Ketchum and Davenport. He held a contract for the purchase of the fifty-two acres and assigned the same to Ketchum at the time of making the contract to sell him the 110 acres; and with a view to consummate that sale, Ketchum paid the amount due on the contract, and took a deed to himself, and conveyed to Davenport.
The action was tried by a referee, who dismissed the complaint as to Davenport, with costs. He adjudged the plaintiff entitled to the fifty-two acres as against Ketchum, but decided that Davenport was a bona fide purchaser without notice of the plaintiff's equity, and gave a money judgment against Ketchum for the value of the plaintiff's interest. The plaintiff appealed to the General Term of the Supreme Court from the whole judgment, and Ketchum appealed from so much of the judgment as was against him.
The Supreme Court modified the judgment as to Ketchum and the fifty-two acres, and instead of a personal judgment against Ketchum, charged the land in the hands of Davenport *Page 196 
with the plaintiff's equities and gave to him the right to redeem the same from Davenport upon paying the amount equitably due thereon as between the plaintiff and Ketchum, the court holding that Davenport was not a bona fide purchaser as against the plaintiff. The court affirmed the residue of the judgment.
Davenport appealed to this court from so much of the judgment as gave to the plaintiff the right to redeem the fifty-two acres and entitled him to a deed on paying the amount specified in the judgment. The court affirmed the judgment.* The plaintiff then appealed from the whole judgment of the Supreme Court, and the appeal was dismissed on the ground and for the reason that it was too broad; that the plaintiff could not question that part of the judgment which had been affirmed here and on his motion. The present appeal is in a different form and presents a different question.
The plaintiff has now appealed from the whole of the judgment which was not modified or reversed by the General Term; that is, from that part which did not come before the court on the appeal of Ketchum.
This was a proper case for a several judgment, not only as to the several defendants but also in respect to the two parcels of land. The liabilities of the defendants depended upon different circumstances and were entirely distinct; one could be charged and the other acquitted. So, too, the right of the plaintiff to the two parcels of land or to any interest therein, was not the same, or dependent upon the same evidence or the same claim. It was therefore a proper case, if the evidence warranted it, for a dismissal of the complaint as to Davenport, and denying relief in respect to the 234 acres, and granting relief against Ketchum, and as to the fifty-two acres. (Code, § 274.)
The plaintiff has waived the right to appeal from any part of the judgment affecting the fifty-two acres, and is estopped from questioning it. Had he desired to do so, or to complain of the limited relief granted in respect to that parcel, he *Page 197 
should have appealed from that part of the judgment and brought his appeal to a hearing with Ketchum's appeal. (Murphy v.Spaulding, 46 N.Y., 556.) Having asked and obtained an affirmance of a judgment giving him a right to redeem that parcel, he has waived a right to any other or different relief as to it. (Bennett v. Van Syckel, 18 N.Y., 481.) But the other parts of the judgment are entirely distinct from that, and were not before this court, and were not and could not have been passed upon here.
The Code gives two years for bringing an appeal to this court, from the time of perfecting the judgment. (Code, § 331.) This secures the right of appeal from every several judgment, although included in the same record with other judgments; the court cannot make a different statute of limitations. If the judgments are not entirely several but are to any extent interdependent, each affecting the other, the case would be directly withinMurphy v. Spaulding (supra). The fact or circumstance that two or more judgments, really several and entirely disconnected, chance to be incorporated in the same record as allowed by law, cannot, upon any principle, deprive the parties of the right of appeal within the time allowed by law. It is the character of the judgment and not the company in which it is found or the drapery in which it is wrapped, that must determine whether it is appealable as an independent judgment, notwithstanding the determination of a prior appeal from a judgment in the same record affecting other parties or other rights.
The motion must be denied; and when the appeal comes to be heard, the appellant will be confined to such objections as do not affect the matters involved in the former appeal, or the rights of parties established by or dependent upon it.
All concur; MILLER, J., not sitting.
Motion denied.
* 56 N.Y., 676. *Page 198