## QUINN v. WINTER.

*(City Court of New York, Special Term.* December 23, 1889.)

COSTS—ON APPEAL FROM JUDGMENT FOR COSTS—HOW COLLECTED.

    On reversal of an order reversing an order awarding costs, for which a judgment was entered, it is error to enter a new judgment for all costs, including those embraced in the first judgment. Such judgment is reinstated by the reversal, and the costs subsequent thereto should be collected by execution in the nature of a precept.

Action by Virginia J. Quinn against Herman T. Winter for damages for injuries to certain land of which plaintiff was owner. Plaintiff recovered nominal damages, and judgment was entered therefor, and for costs. The judge, at special term of the city court of New York, on appeal from this taxation of costs in plaintiff's favor, set the judgment aside, and awarded costs to defendant. Judgment was thereupon entered for defendant for costs on April 4, 1889. From this order of the special term plaintiff appealed to the general term, where the order was reversed, with costs, and an order entered allowing plaintiff to tax a full bill of costs on her recovery of damages. 4 N. Y. Supp. 865. From this order defendant appealed to the common pleas court, where it was reversed, and the order of the special term reinstated. 7 N. Y. Supp. 755. Judgment was then entered for defendant for all the costs on December 6, 1889. Plaintiff now applies to have this judgment vacated.

*T. M. Tyng*, for plaintiff. *George W. Blunt*, for defendant.

McADAM, C. J. The judgment of April 4, 1889, was regularly entered by the defendant, for there could be but one judgment in the action. *Johnson* v. *Farrell*, 10 Abb. Pr. 384. By the reversal of the general term order, its entire effect was wiped out, as if it never had an existence, (*Murtha* v. *Curley*, 3 Civ. Proc. R. 266, 92 N. Y. 359;) and, as a necessary consequence, the judgment directed by the special term, and entered April 4, 1889, was *eo instanti* reinstated. No appeal was taken from the verdict or the "six cent" part of the judgment, and consequently the foundation upon which the right to costs depended was not and could not be disturbed. The appeals taken had reference to right to costs, a mere incident of the recovery, and to that only. Under the circumstances, the defendant was bound to enforce the judgment entered by him April 4, 1889, in the usual manner of enforcing judgments, and was bound to collect the costs subsequent to that judgment by execution in the nature of a precept, founded solely on the order of reversal. An entry for judgment for costs, in their nature interlocutory, is wholly unauthorized; for they are practically motion costs, within the meaning of section 779 of the Code. *In re Brasier*, 2 How. Pr. (N. S.) 154. The defendant erroneously adopted the practice which prevails on appeals from judgments, but which is inapplicable to appeals from orders. It follows that the judgment entered by the defendant December 6, 1889, being wholly unauthorized by the practice, must be set aside. The execution issued upon it falls with the judgment.