## MONNET et al. v. MERZ.

*(Superior Court of New York City, General Term.  January 11, 1892.)*

RIGHT TO APPEAL—ACCEPTING PAYMENT OF JUDGMENT.

Plaintiff, by accepting payment of the amount of a judgment recovered by him, is not disabled from prosecuting his appeal from so much of the judgment as reduced his claim.

Appeal from judgment on report of referee.

Action by Prosper Monnet and another against Henry Merz, as survivor, etc., on an account for goods sold as agents. Plaintiffs appeal from so much of the judgment in their favor as reduced the amount of their claim. Motion to dismiss appeal. Denied.

The action was brought by plaintiffs, as manufacturers in Switzerland, against the defendants, their commission agents in this city, to recover $18,958.40. The defendants set up various defenses and counter-claims. The action was referred, and the referee awarded the plaintiffs $10,130.45, with interest, aggregating $12,276.29. In arriving at the sum due, the referee disallowed portions of the plaintiffs' demand, and modified some of their charges. The plaintiffs entered judgment on the report February 27, 1888. The defendants appealed to the general term, where after argument the judgment was affirmed, (5 N. Y. Supp. 913;) and the plaintiffs entered the judgment of affirmance July 2, 1889. The defendants then appealed to the court of appeals, which court, on June 2, 1891, made an order allowing a small deduction from the judgment, but substantially affirming it, (27 N. E. Rep. 827;) and on June 18, 1891, the judgment, as modified, with all costs and interest, was fully paid. On June 8, 1891, the plaintiffs appealed from the judgment, for

the purpose of reviewing the action of the referee in reducing the plaintiffs' demand from $18,958.40 to $10,276.29. The defendants moved to dismiss the appeal.

Argued before FREEDMAN, MCADAM, and GILDERSLEEVE, JJ.

*A. P. & W. Man,* for motion. *Arnoux, Ritch & Woodford,* opposed.

MCADAM, J. As a rule, there can be but one judgment in an action. *Johnson* v. *Farrell,* 10 Abb. Pr. 384; *Canfield* v. *Gaylord,* 12 Wend. 236; *Webb* v. *Bulger,* 4 Hill, 588. The referee having reduced the plaintiffs' demand from $18,958.40 to $10,276.29, either party aggrieved had the right to appeal, (Code, § 1294,)—the defendants, because they thought the sum awarded excessive; and the plaintiffs, because they thought it inadequate. To appeal, it was necessary that judgment be entered, and this preliminary step was taken by the plaintiffs. The defendants appealed to the general term, and then to the court of appeals; and the judgment against them, in a modified form, was affirmed. The judgment was paid by the defendants; but, in any event, they were obliged to pay the money, and its acceptance stopped the running of interest, but did not disable the plaintiffs from appealing from so much of the judgment directed by the referee as reduced their demand. *Dyett* v. *Pendleton,* 8 Cow. 325; *Clowes* v. *Dickenson,* Id. 331; *Higbie* v. *Westlake,* 14 N. Y. 281; *McNamara* v. *Canada Steam-Ship Co.,* 16 Wkly. Dig. 86; *Benkard* v. *Babcock,* 2 Rob. (N. Y.) 175, 17 Abb. Pr. 421; *Barker* v. *White,* 58 N. Y. 204; *Hayes* v. *Nourse,* 107 N. Y. 578, 14 N. E. Rep. 508; *In re Water Commissioners,* 36 Hun, 534. If a party seeks to set aside a judgment *in toto* after he has collected the amount by execution, the collection of the judgment is a waiver of the appeal, (*Knapp* v. *Brown,* 45 N. Y. 209,) for the reason that "the right to proceed on the judgment and enjoy its fruits, and the right of appeal, are not concurrent; on the contrary, wholly inconsistent. An election to take one of these courses is therefore a renunciation of the other." But, if he prosecuted his appeal merely for the purpose of modifying the judgment so as to increase the amount of his recovery to equal the demand, it is not a waiver. *Knapp* v. *Brown, supra; Genet* v. *Davenport,* 60 N. Y. 194. Some judgments may be so connected and dependent upon one another that, if cross-appeals are taken, they must be pursued *pari passu,* that there may be one record, one adjudication, and one satisfaction, to avoid double hearings and the splitting of appeals, which, like the splitting of causes of action, is not approved. But the judgment directed by the referee in this instance is not so connected or dependent, as it is founded on separate and distinct items. It was neither claimed nor proved that the plaintiffs' time to appeal had expired; and we assume, therefore, that it has not. This being so, we cannot deprive them of a right which the statute expressly confers. For these reasons the motion to dismiss the appeal must be denied, with $10 costs. All concur.