(9 Misc. Rep. 688.)

NATIONAL BOARD OF MARINE UNDERWRITERS v. NATIONAL BANK OF THE REPUBLIC.

(Superior Court of New York City, General Term. October 9, 1894.)

APPEAL—DECISION—TWO APPEALS FROM ONE JUDGMENT.

> Where both parties appeal from a judgment,—one on the ground that it is inadequate, and the other on the ground that it is excessive,—and the court determines that it was not inadequate, but was excessive, an order which affirms the judgment on the one appeal, and reverses it and awards a new trial on the other, is proper.

Action by the National Board of Marine Underwriters against the National Bank of the Republic to recover $4,914.62. A judgment for $2,803.27 was rendered in favor of plaintiff, and both parties appealed. The judgment was affirmed on plaintiff's appeal, but was reversed on defendant's appeal. 29 N. Y. Supp. 698. Plaintiff now moves to resettle the order of the general term. Denied.

The plaintiff recovered judgment against the defendant after a trial had before a referee, and both parties appealed; plaintiff, on the ground that the referee should have awarded $4,914.62 instead of $2,803.27, the sum allowed, and defendant on the ground that even the reduced sum was an excessive recovery. The court determined (1) on the plaintiff's appeal that the judgment was not inadequate, and disposed of such appeal by affirming the judgment as against the plaintiff; (2) it determined on the defendant's appeal that the judgment was excessive, and that it must be reversed, and a new trial had, unless the plaintiff stipulated to reduce the recovery from $2,803.27 to $1,370.42, in which case the judgment for that amount would be affirmed. Proper provision was also made as to the costs upon the two appeals. The plaintiff agreed upon the form of the general term order. Plaintiff, however, declined to stipulate to reduce the recovery, so that one judgment was entered on the order, affirming the judgment on the plaintiff's appeal, but awarding a new trial on the defendant's appeal. 29 N. Y. Supp. 698. The plaintiff now moves to resettle the order by having it contain the simple award of a new trial.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

G. A. Black, for the motion.
Hastings & Gleason, opposed.

McADAM, J. Although the referee reduced the plaintiff's demand to $2,803.27, either party aggrieved by the decision had the right to appeal; the plaintiff for inadequacy, and the defendant because the judgment, even in its reduced form, was excessive. Code, § 1294. Such a right was sustained in Monnot v. Merz (Super. N. Y.) 17 N. Y. Supp. 380, affirmed by court of appeals 131 N. Y. 646, 30 N. E. 866. In that case, as in this, the defendant claimed that, notwithstanding a deduction made in the plaintiff's demand by the referee, the judgment was still excessive. The court of appeals made a further deduction on the defendant's appeal. The

plaintiff also appealed from the same judgment, on the ground that certain other deductions allowed by the referee from the plaintiff's claim should have been disallowed. An application to dismiss the plaintiff's appeal was denied. 17 N. Y. Supp. 380, supra. The appeals were heard separately, and the plaintiff succeeded upon his appeal in this court (18 N. Y. Supp. 780), and in the court of appeals as well (138 N. Y. 673, 34 N. E. 515). In the case cited, as in the one under review, there were double appeals, and the court was called upon to hear each, and to render appropriate judgments upon both. See, also, Genet v. Davenport, 60 N. Y. 194. The judgment directed by the referee in this case, as in those cited, was founded upon items easily distinguishable and separable, so that the general term could readily determine which constituted liabilities against the defendant, and which were not of an enforceable character, that final judgment might be rendered thereon. The order sought to be resettled declares the judgment rendered by the general term upon both appeals, and it could not have been well expressed in any other form. The plaintiff's argument is that, as a new trial was ordered as to part of the plaintiff's demand, it should have been so directed as to all; and Goodsell v. Telegraph Co., 109 N. Y. 147, 16 N. E. 324, is cited to sustain his contention. It will be found on examination that in that case, as well as in the authorities therein cited, there was but one appeal taken from the original judgment; and it was held that upon such an appeal there could not be a new trial as to part of an entire demand, and an affirmance as to the residue, leaving a fragmentary part to be tried in the court below, and the residue to go to the court of appeals. But the principle decided there does not reach the question in the form in which it arises here, nor has any reported case been called to our attention which holds that upon double appeals, such as were taken in this instance, the court cannot dispose of both by rendering such judgments thereon, by way of affirmance, reversal, or modification, as the nature of the case and justice require. For these reasons the motion to resettle the order must be denied, with $10 costs. All concur.