By the Court.—Truax, J.
The complaint alleged that plaintiffs consigned to the defendants, as agents, of said plaintiffs to sell on commission, certain merchandise, and that there was due plaintiffs from defendants upon an account between them $18,958.40 “ being a balance of said account in favor of said plaintiffs and against said defendants.”
The defendants admitted that plaintiffs consigned to them, as agents to sell on commission, certain *577 merchandise, but denied that there was anything due plaintiffs from them, the defendants. The defendants also alleged, as a. further and separate defence and as a counterclaim, that they had been compelled to pay to the custom authorities of the United States the sum of upwards of ten thousand dollars to settle an action brought against them by said custom authorities because the plaintiffs had fraudulently undervalued in entry for duties the goods consigned by them to defendants ; that there was a suit pending to recover from defendants a large sum of money because of said fraudulent undervaluations and that they, the defendants had been compelled to employ counsel to defend themselves in the actions brought against them by the custom authorities of the United States, and had paid such counsel a large sum of money, and asked that they, the defendants, be credited with the moneys that they had paid to settle said action and to their counsel. The plaintiffs replied to those portions of the answer that constituted counterclaims.
The referee held on the trial, that defendants were entitled to be credited with one-half the sum that defendants had paid to compromise the action that had been brought against them by the government of the United States. The plaintiffs have not excepted to this ruling of the referee, but the defendants have excepted, and allege that the referee erred in not crediting them with the whole amount that they had paid to compromise said action, and they also say that the referee erred in computing the amounts paid by defendants to compromise said action. It does appear that the referee had made a small error in the computation of the amount paid as aforesaid, but defendants cannot complain of this because they were not entitled to any credit for the sums paid to compromise said actions.
*578 The grounds of the action that was compromised, as aforesaid, are very generally, and not very definitely, shown in the appeal book. The attorney for the defendants in that action says, at folios 365—366 of the case, “ I cannot at this time state the details of that claim, but in a general way I remember that it was based upon a claim that dyes which had been imported by Heller & Merz had been invoiced at a less value than the market value of such goods in France (from which they mostly came) at the time and place of importation.”
The defendants had the burden of showing that they were authorized to compromise said action—■ that is that they were specially authorized by the plaintiffs in this action to compromise, or that they were authorized from the nature of their agency. They have failed to prove either one of these facts. The referee refused to find that the goods described in the invoices, that were made for the entry of the goods, had been undervalued, and his finding is warranted by the evidence. If there was no undervaluation there was no reason why the action should be compromised, and the defendants in compromising the action acted at their own peril.
The referee did find that the defendants were authorized to retain and employ counsel to defend said action, and that they paid their counsel $2,276; but by mistake, presumably, he allows them $2,250 for fees to counsel. This is an error of the kind that, if it is to be corrected at all, should be corrected on motion and not on appeal, for the error appears on the face of the judgment roll. But we have seen that the referee has allowed the defendants one-half of the sum of ten thousand dollars and other sums, when in law and in fact he should not have allowed them more than $2,276. That is, he allowed the defendants *579 $6,126.10 instead of allowing them $2,276. The defendants were not injured by this ruling.
The defendants also claim that the referee erred in charging them $4,995.05 for the goods on hand, whereas they should have been charged with $1,739.55 and $947.36, a total of $2,686.91. But even if the referee has erred in this respect, yet he has not given judgment against defendants for as large a sum as the evidence would have warranted him in giving.
The judgment is affirmed with posts.
Sedgwick, Oh. J., and Dugro, J., concurred.