MONNET *et al. v.* MERZ.

*(Superior Court of New York City, General Term.* May 2, 1892.)

FACTORS—ACCOUNTING—COMPROMISE OF CLAIMS FOR DUTIES.

 An action was brought by a foreign consignor against a domestic consignee for an accounting. Defendant claimed credit for a sum paid the government in compromise of a suit to recover for undervaluations of import duties. *Held,* in the absence of any evidence of authority from plaintiff to defendant to make the compromise on joint account, that the referee erred in charging plaintiff with any part thereof. *Monnet v. Merz,* 27 N. E. Rep. 827, 127 N. Y. 153, followed.

Appeal from judgment on report of referee.

Action by Prosper Monnet and another against Henry Merz. From a judgment for defendant, plaintiffs appeal. Reversed.

For decision on motion to dismiss appeal, see 17 N. Y. Supp. 380. See, also, 27 N. E. Rep. 827, modifying 5 N. Y. Supp. 913.

Argued before SEDGWICK, C. J., and FREEDMAN and MCADAM, JJ.

*W. H. Arnoux,* for appellants. *William Man,* for respondent.

PER CURIAM. The action is virtually for an accounting between the plaintiff, a foreign consignor, and the defendant, his consignee in this country. This appeal involves the correctness of a ruling, which charged the appellant with the sum of $6,126.09. That charge arose from the following facts. The plaintiff consigned certain goods to the defendant. After they had arrived in this country, the United States began a suit against the defendant to recover $75,000, under sections 2839, 2864, Rev. St. U. S., and section 16, Act June 22, 1874. On February 9, 1883, the United States accepted from the defendant an offer of compromise of $10,002.12, and discontinued the action. The respondent claims the amount paid in compromise should be charged to plaintiff. The claim is not valid, for the reasons stated in *Monnet v. Merz,* 127 N. Y. 153, 27 N. E. Rep. 827, unless it appears by the evidence on this appeal that the plaintiff authorized or took part in the compromise. The evidence does not show any authority from the plaintiff to compromise on joint account. A proposition to that effect made by the plaintiff to the defendant was refused by the latter. The offer did not thereafter continue. Nothing can be inferred on this subject unfavorably to the plaintiff from his omitting to answer concerning the suit, for as to that he had no obligation. The telegram, "We refuse custom house compromise of 70,000 frs.," as there was but one compromise in a suit claiming 75,000 frs., clearly referred to the compromise for $10,000. The defendant failed to establish that the plaintiff authorized or was a party to the compromise. The referee charged the plaintiff with one half of the amount of the compromise. This was not valid, and the plaintiff's appeal should prevail. The appeal is only from the judgment so far as that is affected by the charge that has been examined. The judgment, therefore, should be reversed as to such matter and a new trial ordered, with costs to abide the event, and the order of reference vacated.