MONNET et al. v. MERZ.

(Superior Court of New York City, Special Term. July 11, 1893.)

COSTS—EXTRA ALLOWANCE.

　　Where a party has been granted one extra allowance, no further allowance can be granted, though additional labor has devolved on such party by numerous appeals taken after the allowance was granted.

Action by Prosper Monnet and Louis Monnet against Henry Merz. An extra allowance was granted to plaintiffs, and they now move for a further allowance on the ground that additional labor has been imposed on them by numerous appeals taken in the case. Motion denied.

Arnoux, Ritch & Woodford, for plaintiffs.
Man & Man, for defendants.

GILDERSLEEVE, J. This action was commenced to recover the sum of about $18,000, the balance of account between the parties herein. It was sent to a referee for trial. The referee reported in favor of the plaintiff in the sum of $12,276.29. After the filing of the referee's report, and before the entry of judgment, the plaintiffs moved for an additional allowance, and the court allowed them the sum of $300. Judgment was entered on the referee's report, and from that judgment the defendant appealed to the general term. The judgment was affirmed at the general term, (5 N. Y. Supp. 913,) and from the judgment of affirmance the defendant appealed to the court of appeals. The court of appeals modified the judgment by deducting $1,125, with interest from March 9, 1893, and, as modified, affirmed the same, without costs. 27 N. E. Rep. 827. After this decision by the court of appeals the plaintiffs appealed to the general term from so much of the judgment entered on the report of the referee as failed to adjudge that plaintiffs were entitled to recover the further sum of $6,126.09. The defendant's attorneys returned the plaintiffs' appeal papers on the ground that they were served too late, and afterwards made a motion at general term to dismiss plaintiffs'

appeal on that ground. The general term denied the motion, (17 N. Y. Supp. 380,) and from the order of the general term, denying the motion, defendant appealed to the court of appeals, which affirmed the order of the general term, with costs. 30 N. E. Rep. 866, mem. Plaintiffs' appeal from the original judgment entered on the report of the referee was argued before the general term, and a decision was handed down in the plaintiffs' favor, reversing that part of the judgment of the referee appealed from, and order· ing a new trial, with costs to abide the event, and that the order· of reference be vacated. 18 N. Y. Supp. 780. The case was placed upon the calendar for trial, but before the trial could be had the defendant gave the usual stipulation, and appealed directly from the order of reversal of the general term to the court of appeals. The court of appeals affirmed the order of reversal of the general term, and directed judgment absolute in favor of the plaintiffs. 34 N. E. Rep. 515. The plaintiffs now move for another extra allowance, on the ground of the inadequacy of the first allowance, i. e. $300, and on account of the additional labor devolved upon them by the numerous appeals.

It is the well-settled practice that only one additional allowance can be made in a case, no matter how many times the case may be tried. Flynn v. Society, 18 Hun, 212; Bank of Mobile v. Phoenix Ins. Co., 8 Civil Proc. R. 212; Trust Co. v. Whiton, 17 Hun, 593. The allowance is given for the trial of the action, not for the appeals. In this case there has been but one trial, though many appeals have been taken. This is practically a motion to increase the allowance already granted by the special term, or, in other words, it is an application to one judge at special term to review the action of another judge at special term. This I must decline to do. The learned judge at special term gave such allowance as he thought proper, (Morss v. Hasbrouck, 13 N. Y. Wkly. Dig. 393,) in view of the labor and trouble incurred upon the trial of the action; and the additional labor and trouble caused by the numerous appeals cannot be made the basis of extra allowance, (Wolfe v. Van Nostrand, 2 N. Y. 570.) In any view, I am of opinion that this motion is controlled by the doctrine laid down by the general term of this court in the case of Eldridge v. Strenz, 39 N. Y. Super. Ct. Rep. 295, where it was held that after the court of appeals, on appeal from an order granting a new trial, has rendered a judg· ment absolute, the court below should not grant an allowance. To be sure, this doctrine seems to be at variance with that laid down by the supreme court, general term, first department, in the case of Parrott v. Sawyer, 26 Hun, 466; but the doctrine held by this court is in accordance with that laid down by the court of appeals in the case of McGregor v. Buell, 40 N. Y. 153, where it was held that it is not proper for the supreme court, on the return of a remittitur, to add any new and independent direction to the judgment of the court of appeals, beyond what may be required to carry that judgment into effect, and that the supreme court cannot add to the judgment contained in the remittitur a new or further judg-

ment, even for costs of the appeal of that court. This case in 40 N. Y. Rep. is not quite in point, but it tends to confirm the doctrine laid down by the general term of this court in the case of Eldridge v. Strenz, supra. The motion for another extra allowance must be denied, with $10 costs.