(7 Misc. Rep. 167.)

BURBY v. ROOME.

(Common Pleas of New York City and County, General Term.   February 5,
1894.)

PRINCIPAL AND AGENT—DISBURSEMENTS BY AGENT.

Where the owner of a building informed his agent who had charge of
the building that he had contracted with a certain person to make re-
pairs for the ensuing year, and the agent employs another person to make
repairs, for which the owner is compelled to pay, the agent is not entitled
to the amount thereof as a disbursement.

Appeal from first district court.

Action by Sarah J. Burby against William J. Roome.   From a
judgment in favor of plaintiff, defendant appeals.   Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

W. Arrowsmith, for appellant.

Abraham I. Elkus, for respondent.

GIEGERICH, J.   The plaintiff's assignor, one Schell, was the
owner of certain premises in this city, and the defendant, Roome,
was his agent to collect the rents of, and to care for, such property.
Schell had sent the following letter of instructions to the defend-
ant, who does not deny having received it:

"New York, June 7, 1892.
"Mr. Roome—Dear Sir:   Concerning my house, 131 West 25th street, I
have made arrangements with Mantel, 32 Carmine St., to keep the roof in
repair for one.year, and with O'Brien & Ryder, plumbers, 154 Spring street,
to attend to the plumbing work, tank, and engine for one year.   *   *   *   In
case you need the services of any of these people at any time, to do any of
the above work, please send for them, and they will do the work.
     [Signed]                     ·                "Edward P. Schell."

In January, 1893, the pipes, water-closets, etc., upon the premises
were frozen up, and the services of a plumber were required.   One
Young was called in by the defendant's brother-in-law (who is ad-
mitted to have had authority to act for him in the matter) to do
the work of repairing.   Young's bill for his services amounted to
$119.99, which defendant, after some delay, paid.   Upon account-
ing to Schell for rents received, he retained this amount, for the
recovery of which this action was brought.   The answer was a
general denial, and set up a counterclaim for said last-mentioned
sum paid by him to Young for such services.   The justice rendered
judgment in favor of the plaintiff for the full amount claimed, and
the defendant has brought this appeal.

In speaking of an agent's right to recover his disbursements, made
for the benefit of his principal, Story, in his work on Agency, (7th
Ed., § 336, p. 412,) says:

"But this liability of the plaintiff proceeds upon the ground that the ad-
vances, expenses, and disbursements have been properly incurred, and rea-
sonably and in good faith paid, without any default on the part of the
agent.   *   *   *   However, if the agent has voluntarily and officiously, and
without authority, made advances or payments, the principal will not be
bound to any reimbursement thereof, for it will be imputed to the fault or
negligence or unskillfulness of the agent."

As laid down in Fowler v. Bank, 67 N. Y. 138, 145, 146, the rule is that:

"An agent is entitled to be indemnified against all damages and losses which are incurred by him, and all cost to which he may be subjected, in the course of his agency, without fault on his part."

See, also, Monnet v. Heller, (Super. N. Y.) 5 N. Y. Supp. 913.

Under these rules, the agent in the present case is not entitled to recover. Having acted in direct disobedience of his principal's instructions, he incurred the expenses clearly "without authority." The judgment should be affirmed, with costs.