■ In the Matter of THOMAS KRYWALSKI, a Juvenile.— Order insofar as appealed from unanimously modified in accordance with the Memorandum and as modified affirmed. Memorandum: Upon the adjudication of juvenile delinquency the Family Court entered an order of disposition placing the juvenile on probation on certain terms including a direction "to make restitution of $50 to the owner of the car at the rate of $3 weekly. Industry suspended." Section 753 of the Family Court Act provides that an order of disposition may provide for putting a respondent on probation in accordance with section 757 of the Family Court Act. Section 757 provides the rules of court shall define permissible terms and conditions of probation. Rule 7.6 of the Rules of the Family Court of the State of New York sets forth the terms and conditions of probation which may be imposed. No provision is made in the statute or rules for restitution as one of the permissible terms and conditions of probation or suspension of judgment. The order of disposition should be modified by eliminating that part of it that requires the respondent to make restitution. (Appeal from that part of an order of Erie Family Court which ordered restitution and suspended sentence.) Present — Bastow, J. P., Henry, Del Vecchio and Marsh, JJ.

■ RICHARD G. VOGT, as Committee, of the Person and Property of LORETTA WENDOVER, an Incompetent, Appellant, v. ESTATE OF WILLIS WENDOVER, Defendant, and JOYCE CONNELLY et al., Respondents.— Judgment insofar as appealed from unanimously affirmed, without costs of this appeal to any party. Memorandum: It may well be that the judgment is not appealable (cf. *Murphy* v. *Spaulding*, 46 N. Y. 556), but, in any event, we have passed upon the merits and conclude the judgment should be affirmed. (Appeal from certain parts of a judgment of Monroe Trial Term granting dismissal of the plaintiff's complaint on the merits.) Present — Bastow, J. P., Henry, Del Vecchio and Marsh, JJ.