CHRISTOPHER MURPHY, Appellant, *v.* MARIA SPAULDING, impleaded, etc., Respondent.

Plaintiff in his complaint in an action upon a contract for the sale of lands, asked judgment directing a specific performance ; or in case a conveyance was impracticable, damages for non-performance. The referee decided that he was not entitled to a conveyance, but gave him damages for the non-performance. Defendant, M. S., to whom the lands in question had been conveyed, entered as much of the judgment as denied a specific performance, and plaintiff entered the portion in his favor, and appealed from the former part.

*Held,* that the provisions of the judgment are connected and dependent, that the part appealed from should not be reversed without a reversal of the other ; that plaintiff's entry of the part of the judgment in his favor, and taking no appeal therefrom, gave the court no authority to reverse it, was an election to accept it, and a waiver of his right to appeal. Appeal therefore dismissed.

(Argued November 22d, 1871 ; decided November 28th, 1871.)

THIS is an appeal by the plaintiff from a judgment rendered, upon the report of a referee, in favor of the defendant, Spaulding, against the plaintiff, and affirmed at a General Term of the Supreme Court in the second district.

The action was brought against Maria Spaulding and Walter Sands, to compel the specific performance of a contract made between the plaintiff and Sands for the conveyance of a lot of land on Staten Island, in the county of Richmond, made on the 3d day of April, 1866. The complaint asked judgment that defendant be compelled to convey, or if such conveyance was impracticable, that Sands be compelled to pay damages.

The property in question was owned by one David Sands of the county of Ulster, who died, leaving a will, in which he devised all his real estate to executors and trustees, in trust, with a power of sale, of whom one George W. Sands was the survivor ; and he, on the 23d November, 1861, made an agreement to sell the lot in question to the defendant, Spaulding, for fifty dollars. And at that time she paid eighteen

dollars and twenty-two cents on the contract, and the deed was to have been delivered on the 1st of May, 1862.

It appears that nothing more was done under this contract until after the month of April, 1866.

After the death of George R. Sands, sole executor and trustee of the will of David Sands, deceased, and in or about the year 1855, Walter Sands, one of the defendants, was appointed trustee by the Supreme Court in the place of George W. Sands, deceased.

On the 3d of April, 1866, Walter Sands agreed in writing to sell the lot in question to the appellant, Murphy, for seventy-five dollars, and received ten dollars on account of the purchase-money.

On or about the 12th of April, 1866, defendant, Spaulding, commenced an action in the Supreme Court against the defendant, Walter Sands, in his representative capacity, to enforce the performance of the contract made with George W. Sands, and he was enjoined from disposing of the lot, and, on the 23d of June, 1866, the defendant, Sands, as trustee, conveyed the lot in question to Spaulding.

The referee found, among other things, that the defendant, Sands, at the time of the execution of the agreement with the plaintiff, knew of the existence of the prior agreement made by George W. Sands to Spaulding.

That on the 22d of June, 1856, the defendant, Sands, in good faith executed and delivered the deed of the property to Spaulding.

The referee, thereupon, ordered judgment in favor of Spaulding against the plaintiff with costs, and in favor of the plaintiff against Sands for eighty-one dollars and twenty-one cents with costs.

The former part of the judgment was entered on motion of counsel for defendant, Spaulding, and the latter on motion of plaintiff's counsel. Plaintiff appealed from the judgment "except so much as in favor of the plaintiff on the merits, and as to costs against the defendant, Walter Sands."

*J. H. Reynolds*, for appellant. The delay of defendant, Spaulding, in seeking to enforce her contract, was a bar to equitable relief. (Sugden on Vendors, 278; 2 Story Eq. Jour., § 776; *Southcourt* v. *Bishop of Exeter*, 6 Hare., 219 (31 Eng. Ch. R.); *Harrington* v. *Wheeler*, 4 Vesey, Jr., 687; *Lloyd* v. *Collett*, 4 Bro. Ch. C., 469; *Benedict* v. *Lynch*, 1 J. C. R., 378; *Chase* v. *Hogan*, 3 Abb. R., N. Y., 57; *Bruce* v. *Tilson*, 25 N. Y., 194.) She should seek her remedy in damages, and plaintiff should have the property. (*Benedict* v. *Lynch*, 1 John. Ch., 378.)

*S. E. Church*, for respondent. Plaintiff obtained one of the two forms of relief sought, has accepted it, and cannot appeal. (*Bennett* v. *Van Syckle*.) Specific performance a matter of discretion. Story Eq. Jour., §§ 750, 750*a*, 751; *Slocum* v. *Slosson*, 1 How. App. Cases, 750, 758; *Clark* v. *Rochester and Niag. R. R. Co.*, 18 Barb., 350; *St. John* v. *Benedict*, 6 J. C. R., 111; *Mills* v. *Van Voorhis*, 23 Barb., 125; 1 N. Y., 210; 3 Edw., 213; 3 Sandf., 72; *Hatch* v. *Cobb*, 4 J. C. R., 559; *Kempshall* v. *Stone*, 5 id., 193; *Morse* v. *Elmandorf*, 11 Paige, 279; 6 J. C. R., 222; 3 Con., 445.) Plaintiff knew of respondent's equities, and had he obtained a deed, would have been compelled to convey to her. (Sto. Eq., §§ 784, 788; 6 J. Ch., 402.) Respondent had not forfeited her right by delay. (*Stevenson* v. *Maxwell*, 2 N. Y., 408; 8 N. Y., 50; *Badner* v. *Conradt*, 13 N. Y., 108; *Frey* v. *Johnson*, 32 How., 316.)

Folger, J. The plaintiff in his complaint asks judgment that the defendant Sands, be compelled to grant and convey the premises to him, or if such conveyance is impracticable, that the defendant be adjudged to pay him damages for not conveying. He has well placed these two kinds of relief in the alternative, for it is evident that one is inconsistent with the other. One cannot at the same time have conveyance to him of lands, and damages for the non-conveyance of them. The judgment entered upon the report of the referee, that

the plaintiff was not entitled to a conveyance, but was, to damages for non-conveyance, was consistent. The plaintiff, however, could appeal from any specified part of it. (Code of Proc., § 327.) But the appellate court cannot properly reverse the judgment as to the part specified by the plaintiff and allow the part not complained of by him to stand. The provisions of the judgment are connected and dependent. The parts specified by the notice of appeal should not be reversed without a reversal of the other. (*Bennett* v. *Van Syckel,* 18 N. Y., 481.) If it should be found on review that the plaintiff is entitled to a conveyance of the premises, and conveyance must be adjudged, then he is not entitled to damages because a conveyance is not and cannot be made. And then to do justice to all, the whole of the judgment should be reversed.

If then, the plaintiff has elected to accept the judgment so far as it is in his favor, he cannot appeal from it so far as it is not.

All that there is in the papers which shows an election by the plaintiff, is the motion for judgment for him and the entry of it by his attorney. The plaintiff was not obliged to enter that part of the judgment which was in his favor, to enable him to appeal from the other part, which was in favor of the defendant Spaulding, and was entered on motion in behalf of her. So that his action in that regard cannot be charged to that motive. His joining in the entry of judgment, we must infer was to secure to himself the advantageous part of it. By entering it he has claimed the right which the judgment gave him, and he has it in his power at any time to enforce it. It is inconsistent to claim and accept this, and seek to avoid the other.

Again; the appellate court may reverse affirm or modify the judgment appealed from, in the respect mentioned in the notice of appeal (Code, § 330), and is confined thereto. (*Kelsey* v. *Western,* 2 Comst., 500.) The appellate court cannot then, disturb that part of the judgment favorable to the plaintiff. And this inability results in this case from the

plaintiff having caused the entry thereof and taken no appeal therefrom. It was an affirmative act on his part, which must be held to indicate his purpose to take and assert the right to damages given him by the judgment. The appeal should be dismissed, with costs to the respondent.

All concur.

Appeal dismissed.