JOHN W. GOLDTHWAIT, RESPONDENT, *v.* JOHN T. LYNCH AND ANOTHER, APPELLANTS.

JOHN W. GOLDTHWAIT, APPELLANT, *v.* WILLIAM · J. CROWTHER AND OTHERS, RESPONDENTS.

SPECIFIC PERFORMANCE.—DAMAGES IN LIEU THEREOF.—Where plaintiff brings an action for specific performance of a contract for the sale of land and, on being denied specific performance, is granted a judgment for damages for breach of contract, if he insists on his judgment for damages, he waives his right to claim specific performance.

ID.—REFUSAL OF TITLE.—SUBSEQUENT DEMAND.—A plaintiff who refused a title when tendered, cannot insist upon specific performance of a contract to convey land, when the title he will get is precisely the title which he refused.

ID.—EXTENSION OF OPTION.—CONSIDERATION.—An extension of an option to purchase land made at a party's instance is with consideration so far as that party is concerned, and he will not be heard to say it was without consideration.

ID.—DEFECT OF TITLE.—KNOWN WHEN SUIT BROUGHT. If a party suing for specific performance cannot obtain that relief, because he has already before suit brought refused the title which he would get, and the other party demands a jury trial, it is error for the court as a court of chancery to award damages in lieu of specific performance, but the cause should be continued as an action at law to be tried before a jury.

CROSS-APPEALS from a judgment of the district court of the third district and from an order refusing a new trial, Hon. Thomas J. Anderson, judge. The opinion states the facts.

*Mr. John W. Judd* and *Mr. Jabez G. Sutherland,* for the appellant and respondent Goldthwait.

*Messrs. Zane and Putnam,* for the appellants Lynch and Glassman.

*Mr. Arthur Brown,* for respondent Crowther.

*Messrs. Williams and Van Cott,* for the respondents Kelsey and Gillespie.

SMITH, J.:

This action was commenced by plaintiff to compel the specific performance of a contract for the sale of real estate, or, if this could not be had, for damages for breach of contract of sale. The court refused a decree of specific performance, but gave judgment for damages against defendants Lynch and Glassman. Plaintiff appeals from the refusal to grant specific performance. The defendants Lynch and Glassman appeal from the judgment against them for damages. The defendants Crowther, Kelsey, and Gillespie resist the appeal of plaintiff. The plaintiff resists the appeal of Lynch and Glassman.

Respondents claim that plaintiff has waived his right to ask for specific performance by taking his judgment for damages. We think this position is well taken. Plaintiff is here in this court insisting that his judgment against Lynch and Glassman be enforced, and at the same time is asking for a conveyance from Crowther of the property he contracted for; in other words, for specific performance of the very contract the breach of which occasioned this damage. The case of *Murphy* v. *Spaulding*, 46 N. Y. 556, is directly in point that this appeal of plaintiff cannot be maintained.

There is another reason why plaintiff cannot be heard to claim a specific performance of his contract. It is shown by the findings of fact, and the finding is not disputed, that in February, 1888, long before this action was com-

menced, the defendant Glassman and wife, who then held the title which Crowther now holds, tendered a warranty deed therefor, properly executed, to the plaintiff, which plaintiff refused to accept. It is difficult to conceive a rule of equity that will permit the plaintiff at this time to claim a specific performance of a contract which he, when called upon so to do, refused to perform; for plaintiff, when this deed was tendered him, refused to accept it, and refused to pay the purchase money due according to the contract. The contract between plaintiff and Lynch and Glassman was mature when this deed was tendered, and Glassman's title then was the same as Crowther's is now. It would seem that to allow plaintiff to claim a specific performance now would be highly inequitable and unjust. The judgment denying specific performance is affirmed.

This brings us to the appeal of Lynch and Glassman. The facts, so far as is material on their appeal, are as follows: On November 3, 1887, the plaintiff and Lynch and Glassman made a contract in writing as follows:

"Received of John W. Goldthwait the sum of one hundred dollars, the receipt whereof is hereby acknowledged, as earnest money on the following described property, to wit: Commencing 80 rods south of the center of section 3, township 1 south, range 1 west; thence west 60 rods; thence south 80 rods; thence east 60 rods; thence north 80 rods,—being the east three-quarters of the southeast quarter of the southwest quarter, section 3, of said township and range. The conditions of the above are that the said John W. Goldthwait has purchased from the undersigned the above-described real property for the sum of thirty-four hundred and fifty dollars, payable—, $2,000 in cash, balance in one year, at 10 per cent. interest, secured by mortgage on said thirty acres of land. And the undersigned hereby agrees to furnish to the said John W. Goldthwait, or his assigns, within 30 days from date

hereof, an abstract of title and warranty deed, at their own expense, satisfactory to the said John W. Goldthwait or his assigns, showing a clear and unincumbered title in themselves; and, upon furnishing of said title within the time herein stated, the said John W. Goldthwait, or his assigns, agree to pay to the undersigned the balance of the purchase money; and, should he or his assigns fail to pay said amount at the expiration of the time above stated, then, and in that case, the earnest money to be forfeited, and the parties hereto to be relieved from further obligations in the premises. Signed, sealed, and delivered at Salt Lake City, this the 3d day of November, 1887.

"[ Signed ]     LYNCH & GLASSMAN."

This option was extended by mutual consent to February 1, 1888. On that day plaintiff tendered the cash payment due under the contract. Glassman (who had on November 11, 1887, acquired title to the land by deed from W. J. Crowther, who owned it when the contract was made) offered to make a deed of warranty for the premises, but plaintiff refused to accept it, for the reason that a suit was then pending between Kelsey and Gillespie, as plaintiffs, and Crowther, Lynch, and Glassman, as defendants, in which suit notice of pendency of action had been filed. This suit of Kelsey and Gillespie was brought to compel specific performance of a contract made between Kelsey and Gillespie and Crowther for the sale of this same land. This last contract was dated prior to November 3, 1887. The suit to enforce it is still pending, being now on appeal in the supreme court of the United States. That subsequent to February 1st, and during that month, in 1888, Glassman made a formal tender to plaintiff of a warranty deed for the land, duly executed by himself and wife. This was refused by plaintiff, he claiming that the title was not satisfactory to himself on account of the pendency of the suit of Kelsey and Gillespie, as above

stated. After this tender was made and refused, and before this suit was brought, Glassman conveyed the land back to Crowther. Subsequently plaintiff brought this suit against Lynch and Glassman, Crowther, and Kelsey and Gillespie, asking for specific performance by deed from Crowther, and, if this could not be had, for damages against Lynch and Glassman, and obtained judgment against the latter for $2,647 damages and for costs. Lynch and Glassman complain of this judgment, have appealed from it and from an order denying a new trial, and assign several errors, upon which they ask that the judgment and order be reversed.

The first error assigned is that the 30-days option above set out was extended from December 3, 1887, to February 1, 1888, without consideration, and that it had in law expired before the latter date. This extension, by the record, appears to have been made at the instance of Lynch and Glassman, and was valid so far as they are concerned.

The next objection is more serious. It is this: While Glassman held the title for himself and Lynch, he offered it to plaintiff by warranty deed, and plaintiff refused it. It is difficult to see how plaintiff can now equitably claim a title he has already refused. And it is only by claiming this title that he can come into a court of equity at all. If Lynch and Glassman agreed to deliver him a satisfactory title, as we have seen they did, then they were liable in damages if they failed to do this. But they offered the title which they had. If in good faith plaintiff considered it defective, he had a right to refuse to accept it, and a complete cause of action in his favor and against Lynch and Glassman at once arose. But was that cause of action one of which equity could take cognizance? We think not. It was purely an action for damages for breach of contract, and defendants were entitled to have it tried by a jury. They demanded this in the court below, and it was refused.

This refusal is assigned as error.    We think this assign-
ment is well taken.    The district court, instead of making
the assessment of damages, should have caused the case to
be set on the jury calendar for trial on the legal issue to
a jury; not as advisory to the chancellor, but for the pur-
pose of rendering a conclusive verdict in the case, as the
defendant demanded such trial, and had not waived it.
See *Davison v. Associates,* 71 N. Y. 333; *Morgan* v. *Bell,*
(Wash.) 28 Pac. Rep. 925.    Under our code, where we
have but one form of action, we see no objection to thus
transferring a case from one calendar to the other when-
ever the rights of the parties demand it.    It should have
been done in this case, and the refusal to allow defendants
a trial by jury is an error of such gravity as to require a
reversal of the judgment and order appealed from.    The
judgment of the district court against Lynch and Glass-
man is reversed, and the cause is remanded to the district
court for further proceedings in accordance with this
opinion.

MINER, J., and BARTCH, J., concurred.

ZANE, C. J., having been of counsel, did not sit in this
case.