PURINGTON v. BROWN et ux.

(Court of Civil Appeals of Texas. Jan. 25, 1911.)

1. SPECIFIC PERFORMANCE (§ 55*)—CONTRACTS ENFORCEABLE—CONTRACT IN VIOLATION OF LAW.

Where the purchaser of state school lands had only occupied it for a year when he sold it, when the statute required an actual residence of three years in order to give title, and his vendee did not actually take possession and reside thereon, the latter cannot compel specific performance of the original purchaser's agreement to convey; such agreement being collusive for the purpose of defrauding the state by obtaining the land without the requisite residence.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 173–176; Dec. Dig. § 55.*]

2. SPECIFIC PERFORMANCE (§ 114*)—PLEADING—STATUTE OF FRAUDS—AVOIDANCE OF BAR—POSSESSION.

Allegations of the petition, in an action for specific performance of an oral agreement to convey, that plaintiff had erected permanent and valuable improvements upon the land, as stated, and has had possession of said land as contemplated by said contract and has run his cattle, etc., upon it, and that defendant had never fenced the land off from plaintiff's occupancy thereof, or refused him the possession thereof, did not allege exclusive possession of the land by plaintiff, so as to take the contract out of the statute of frauds.

[Ed. Note.—For other cases, see Specific Performance, Dec. Dig. § 114.*]

3. APPEAL AND ERROR (§ 154*)—RIGHT OF REVIEW—WAIVER.

Plaintiff in a suit for specific performance, and, in the alternative, for damages, for failure to convey, waived his right to specific performance by proceeding to trial on the count for damages after specific performance was denied, and by only appealing from the part of the judgment denying specific performance and accepting the judgment for damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 958; Dec. Dig. § 154.*]

Appeal from District Court, Pecos County; W. C. Douglass, Judge.

Action by S. A. Purington against George W. Brown and wife. From a judgment for defendants, plaintiff appeals. Affirmed.

W. A. Hadden and Guy S. McFarland, for appellant. P. H. Clarke, for appellees.

FLY, J. Appellant sued appellees for specific performance of a verbal contract to convey lands, and in the alternative for damages. It was shown to the court that George W. Brown had become insane and was con-

fined in an asylum, and his wife, Leonore Brown, was permitted to defend the suit. The court sustained exceptions to the count for specific performance, and the parties went to trial on the count for damages, which resulted in a judgment for appellant for $738.98, and the following notice of appeal was given: "To which judgment of the court in that part thereof, and that only, which renders judgment against plaintiff on his action for specific performance of contract, but not the judgment in his favor for debt, plaintiff by his attorneys there and then duly in open court excepted and gave notice of appeal to the Court of Civil Appeals," etc. It is alleged in the petition: That on or about March 21, 1906, George W. Brown purchased from the state of Texas eight sections of school land in Pecos county, and that on June 15, 1907, he entered into an oral contract with appellant to sell him the lands in consideration of $1,280 placed to the credit of Brown on his books, and the assumption of the balance due the state on the lands, amounting to $8,864; the contract of sale being that Brown should occupy the home section and complete the necessary three years' occupancy and at the end of that time to execute to appellant a deed of conveyance to said land. That on October 7, 1908, Leonore Brown agreed to carry out the terms of the contract and asked for a part of the money that was to be paid to her husband, who had become insane, and appellant paid her $250. That on or about April 8, 1909, Leonore Brown made the necessary affidavit and received a certificate of occupancy from the Land Commissioner, but refused to execute the deed to the land. Appellant further alleged: "Plaintiff further states and alleges: That relying upon the terms and conditions of the aforesaid contracts with defendants paid to said defendants, as stated above, the sum of $1,280, and has erected permanent and valuable improvements upon said land, to wit, one surface tank of the value of $800, fences to the value of $200. That said improvements were placed on said land after said contract was made by and between plaintiff and defendant as aforesaid in good faith, and that plaintiff has had possession of said land as contemplated by said contract and as stated aforesaid, for more than a year prior to the filing of this suit, and has run his sheep, cattle, and horses upon the same, from the date of said contract up to and including the present time, defendant never having fenced the said land off from the use and occupancy by this plaintiff, nor has ever refused him the possession thereof." The second count was in the alternative and prayed for damages.

The court did not err in sustaining the general demurrer and special exceptions to that part of the petition setting up specific performance. The contract of sale of the land was made after it had been occupied by Brown for one year. The law required of him an actual residence on the land, and if he sold it his vendee was required to show that he at the date of transfer became an actual settler thereon in person and continued to actually reside thereon in person, until the expiration of three years from date of the original sale. Appellant did not go into possession of the home tract and does not allege that he resided thereon, and the basis of the agreement is the perpetration of a fraud upon the state, because it shows collusion of the worst type between the parties, and bad faith on the part of Brown. Such a contract cannot be sustained. Brown v. Brown (Tex. Civ. App.) 132 S. W. 887.

The contract for the sale of the land, being a verbal one, would be obnoxious to the statute of frauds, unless it be alleged and proved, not only that a full consideration had been paid for the land and permanent and valuable improvements made thereon, but that the purchaser took possession of the land. Grazing cattle upon parts of the land will not bring the case within the rule. It is not alleged that appellant ever had exclusive possession of the land in pursuance of the agreement; but, on the other hand, the allegations clearly show that appellant did not have exclusive possession of the land, and that he did not have possession of any part of it. The petition was not sufficient to support a verbal sale of lands. Neatherly v. Ripley, 21 Tex. 436; Ward v. Stuart, 62 Tex. 333; Bradley v. Owsley, 74 Tex. 71, 11 S. W. 1052; Morris v. Gaines, 82 Tex. 258, 17 S. W. 538; Munk v. Weidner, 9 Tex. Civ. App. 491, 29 S. W. 409.

If the petition had been sufficient in its allegations to sustain proof of a verbal sale, we are of the opinion that appellant waived his right to specific performance by proceeding to a trial on the count for damages, and accepting the judgment of the court for damages, and not appealing from that part of the judgment, but from that part only as to specific performance. The two actions are utterly inconsistent with each other, and recovery in one would absolutely preclude recovery in the other. Appellant, by this appeal, places himself in the position of seeking to compel appellees to convey the land to him and at the same time recover the purchase money and value of improvements thereon. It is clear that such a recovery could not be sanctioned by any court. This view of the matter is fully sustained by the decision in the case of Murphy v. Spaulding, 46 N. Y. 556, which was a similar case to this. The case of Goldthwait v. Lynch, 9 Utah, 186, 33 Pac. 699, is to the same effect. We have been unable to discover any authority on the subject in this state; but it is undoubtedly supported by reason and common sense.

The judgment is affirmed.