02-10-281-CV








 




 
 
 
 
 
  
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
 
 




 

 

NO. 02-10-00281-CV

 

 




 
 
 Town Center Mall, L.P.
 
 
  
 
 
 APPELLANT AND
 APPELLEE
 
 
 
 
  
 V.
  
 
 
 
 
 Jacques Gia Dao
 
 
  
 
 
 APPELLEE AND
 APPELLANT
 
 




 

 

----------

FROM THE 342nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

The
trial court granted summary judgment for Jacques Gia Dao in his suit against
his landlord Town Center Mall, L.P., in a dispute over the parties’ lease
agreement.  The trial court declined, however, to award Dao costs or attorney’s
fees.  Both parties now appeal.  In its appeal, Town Center brings four issues,
arguing that (1) the trial court erred in its interpretation of the lease
provisions; (2) the trial court erred in its application of the facts; (3) the
evidence was insufficient to support summary judgment for Dao; and (4) the
trial court erred by granting summary judgment on a ground not presented in
Dao’s summary judgment motion.  Dao raises two issues in his appeal, one
challenging the trial court’s failure to award him costs and the other
challenging the trial court’s failure to award him attorney’s fees.  Because we
hold that the trial court did not err by granting summary judgment for Dao,
that the trial court did not abuse its discretion by not awarding Dao
attorney’s fees, and that Dao failed to preserve his complaint regarding the
taxing of costs, we affirm.

In August
1997, Dao and Town Center entered into a lease agreement for property at La
Gran Plaza mall.  The lease term was defined as beginning on August 1, 1997 and
ending on July 31, 2008.  The lease contained a provision stating that Dao
could extend his lease for one ten-year term.  The lease also contained
provisions allowing Town Center to terminate the lease upon an uncured default
by Dao.

In
August 2007, Town Center’s representative sent Dao’s wife a letter to notify her
of “operations issues that must be addressed immediately.”  The letter identified
some problems on the premises that Dao needed to remedy, such as “heating
ventilation and air-conditioning must be in working order” and “[s]mall ladder
must be removed from the canopy.”  The letter did not mention any problems with
the fire prevention system.  Dao’s wife responded with a letter indicating that
the problems had been remedied.

In
April 2008, Dao notified Town Center of his intent to exercise the ten-year
extension of the lease.  In May 2008, Town Center sent Dao a letter “in efforts
to resolve the ongoing operational issues noted in recent inspections of the
Premises.”  One of the problems listed in the letter was that “[t]he fire
system needs to have a current and clear inspection”; the letter informed Dao
that “[y]ou will need to provide the Landlord with verification when this has
been completed.”

In
June 2008, Town Center notified Dao that the City of Fort Worth had found that
the fire sprinkler system on the premises was inoperable and needed to be
either activated or removed entirely.  Town Center stated that it would not
consent to removal of the sprinkler system and that Dao therefore needed to
activate the sprinkler system to remain in compliance with the lease.  Town
Center stated in the letter that if Dao did not remedy the problem with the
sprinkler system, Town Center would “have no choice but to exercise all of its
rights and remedies under the Lease, including termination.”  In September
2008, Town Center notified Dao that it was terminating the lease.

Dao
filed suit against Town Center for breach of contract, seeking specific
performance and, alternatively, a declaratory judgment that Town Center had
breached the contract and that he had not breached the contract.  Town Center
filed a counterclaim for declaratory judgment, seeking a declaration that,
among other things, it had properly terminated the lease.

Both
parties filed motions for summary judgment.  The trial court granted Dao’s
motion and denied Town Center’s motion.  In the proposed judgment that Dao had
provided to the trial court, Dao had included language that he “be entitled to
recover reasonable and necessary attorneys’ fees and court costs as determined
at a later time by the Court or trier of fact.”  The trial court crossed out
this language.  Dao then filed a motion for attorney’s fees and to modify the
judgment to award attorney’s fees, which the trial court denied.  Both parties
then appealed.

Town
Center’s Appeal

In
its first issue, Town Center argues that the trial court erred in its
interpretation of the lease provisions.  It argues that (1) the lease required
Dao to make any repairs or replacements required by any authority; (2) the Fort
Worth Fire Department (FWFD) issued warnings on at least two occasions that the
fire sprinkler system needed repair or removal; and (3) therefore, it was Dao’s
responsibility under the lease to repair or replace the fire sprinkler system. 
Dao argued in his motion for summary judgment that FWFD had given him the
option of repairing or removing the sprinkler system.  Dao attached summary
judgment evidence in the form of testimony from Shelly Campbell, Operations
Director for La Gran Plaza, at a temporary injunction hearing in this case. 
Campbell acknowledged that FWFD had given Dao the option of removing the
sprinkler system to bring it into compliance, that Dao had tried to remove it,
and that Town Center would not allow him to do so.

Although
Town Center wanted Dao to repair rather than remove the sprinkler system, Dao
submitted summary judgment evidence sufficient to show that FWFD would allow
him to either repair or remove the sprinkler system and thus that FWFD
did not require him to repair the sprinkler system.  Town Center did not
provide any evidence in its response showing that any other authority required
Dao to repair, rather than remove, the sprinkler system.  Accordingly, because
no authority required Dao to repair the sprinkler system, the section of the
lease requiring Dao to make repairs as required by authority did not give rise
to a contractual duty to repair the sprinkler system in this case.  We overrule
Town Center’s first issue.

In
its second issue, Town Center argues that the trial court erred in its
application of the facts because the great weight and preponderance of the
evidence demonstrated that Dao breached the lease.  We interpret this argument
to assert either that Town Center produced sufficient summary judgment evidence
to raise a genuine issue of material fact on Dao’s summary judgment grounds or
that Town Center established its right to summary judgment as a matter of law.[2]

Much
of Town Center’s argument under this issue duplicates its argument under its
first issue, and to the extent that it does so, we overrule Town Center’s issue. 
Town Center also argues that the lease required Dao to make any needed repairs
to plumbing fixtures and that the sprinkler system was a plumbing fixture.  But
that provision of the lease stated that Dao was required to make “all needed
repairs and replacements, including . . . repairs and replacements of plumbing
fixtures.” [Emphasis added.]  Town Center does not direct this court to any
evidence in the record showing that the repairs it wanted Dao to make to the
sprinkler system were needed, other than FWFD requiring Dao to either repair or
remove the sprinkler system.  Thus, Town Center did not establish its right to
judgment as a matter of law on this ground, and it did not produce evidence
sufficient to raise a fact issue on this ground.  We therefore cannot say that the
trial court erred by concluding that the lease did not require Dao to repair
the sprinkler system.  We overrule Town Center’s second issue.

In
its third issue, Town Center argues that the trial court erred by rendering
summary judgment for Dao because there was insufficient evidence to support
such a finding.  In Town Center’s first argument under this issue, it contends
that Dao’s affidavit, which was attached to his motion as summary judgment
evidence, fails to prove all the essential elements of his breach of contract
claim and that the granting of summary judgment rested almost entirely on this
affidavit.

We
disagree with Town Center’s characterization of the evidence.  The trial court
had before it as summary judgment evidence a copy of the lease, which provided
that Dao “may extend the Lease Term for one consecutive period of ten years.” 
The trial court also had evidence before it that, rather than allowing Dao to
extend the lease, Town Center had elected to terminate the lease on the ground
that Dao was in default for not repairing the sprinkler system.  Finally, the
trial court had before it evidence from which, as discussed above, it could
conclude that Dao was not required by any authority to repair the sprinkler
system.  Applying the appropriate standard of review,[3]
we overrule the part of Town Center’s issue arguing that the trial court’s
grant of summary judgment was erroneous on the ground that it was based almost
entirely on Dao’s affidavit.

Town
Center also argues that the trial court erred by granting summary judgment for
Dao because he failed to provide any evidence of damages.  Dao was not required,
however, to prove damages to be entitled to either of the remedies he sued to
obtain.[4]  We overrule this part of
Town Center’s third issue.

Finally
under its third issue, Town Center argues that the trial court erred by failing
to strike certain statements in Dao’s affidavit.  We have held that the trial
court had evidence before it, other than the objected-to portions of Dao’s
affidavit, from which it could have properly granted summary judgment.  Thus, if
the trial court’s failure to strike those portions was error, it was harmless
error.[5]  We overrule Town
Center’s third issue.

Town
Center argues in its fourth issue that the trial court erred by granting
summary judgment on a ground not presented in Dao’s motion.  In its judgment,
the trial court did not grant the declaratory relief that Dao had sought in his
petition—that the trial court declare that he had not breached the lease and
that Town Center had breached the lease.  Rather, the trial court granted
declaratory relief that in effect gave Dao the specific performance he had
sought in his petition, ordering that “Dao be entitled to a declaratory
judgment allowing him to extend his current lease with [Town Center] as per
agreed upon terms and conditions set forth in the parties’ lease agreement.” 
In the section of its brief on this issue, Town Center does not argue that the
trial court erred by granting specific performance as relief on a declaratory
judgment claim.  Rather, it argues that Dao did not establish his right to
declaratory relief, stating that “Dao moved for summary judgment only on his breach
of contract cause of action” but that the trial court granted “Dao final
judgment on his cause of action for declaratory judgment.”

Town
Center argues that “Dao neglected to cite the Uniform Declaratory Judgments
Act, or even mention a declaratory judgment, in the Argument section of his
Motion for Final Summary Judgment”; that “[t]he only hint that Dao might be
seeking summary judgment on his cause of action for declaratory judgment is
found in the ‘Prayer’ section of his motion”; and that Dao’s motion “fails to
meet the fair notice requirement.”  Town Center also argues that Dao “failed to
identify the elements of a cause of action for declaratory judgment or explain
how or why no genuine issues of material fact exist on each element.”

We
do not know which elements of Dao’s claim that Town Center believes were not
addressed because Town Center does not identify those elements in its brief.  But
we point out that a declaratory judgment is simply a remedy for a cause of
action already within the court’s jurisdiction.[6]  Dao’s declaratory
judgment claim was premised entirely on his breach of contract claim, the
elements of which Dao set out in his motion.  Dao correctly noted in his motion
that he had sued Town Center for breach of contract and sought a declaratory
judgment.  As discussed above, in Dao’s petition, he had asserted a claim for
breach of contract seeking the remedy of specific performance, and he
alternatively asserted a claim for a declaratory judgment that he was in
compliance with the contract and that Town Center had breached the contract. 
Thus, all of the relief requested by Dao was premised on an allegation that
Town Center was in breach of the lease.

In
Dao’s summary judgment motion, he stated that he was “entitled to summary
judgment because [he] can prove each element of his cause of action as a matter
of law,” and he noted that “[t]o carry his burden, [he] must prove all elements
of his cause of action for breach of contract.”  If Dao was entitled to a
declaration that Town Center had breached the contract, then to establish his
right to such a declaration, he would have to prove that Town Center was in
breach.[7]

Dao
set out in his motion the elements for breach of contract, and he also pointed
to the evidence that he believed showed as a matter of law that Town Center had
breached the lease.  Then, in his prayer, he prayed that the trial court “grant
this motion for summary judgment, declare that [Dao] has not breached the lease
agreement, declare that plaintiff [sic] has breached the lease agreement, and
for such other relief the court deems just and proper.”  We disagree with Town
Center’s assertions that the motion did not give notice that Dao sought summary
judgment on his declaratory judgment claim and that the trial court granted summary
judgment on a ground not asserted in the motion.[8]  We overrule Town
Center’s fourth issue.

Dao’s
Appeal

In
Dao’s first issue, he argues that the trial court abused its discretion by
failing to award him costs under rules 131 and 141 of the rules of civil
procedure[9] or under section 37.009[10]
of the civil practice and remedies code.

Civil
procedure rule 131 provides that “[t]he successful party to a suit shall
recover of his adversary all costs incurred therein, except where otherwise
provided.”[11]  Rule 141 states that
“[t]he court may, for good cause, to be stated on the record, adjudge the costs
otherwise than as provided by law or these rules.”[12] 
Dao argues that the trial court abused its discretion by not either awarding
costs under rule 131 or providing an explanation in accordance with rule 141 as
to why the costs were not awarded to him.

Because
Dao was the successful party,[13] the rules of civil
procedure required the trial court to award him costs except for good cause
shown on the face of the record.[14]  Town Center argues,
however, that under section 37.009 of the civil practice and remedies code, the
trial court has discretion in awarding costs in declaratory judgment actions.[15] 
Town Center contends that the trial court is not required to award costs to the
successful party in a declaratory judgment action because section 37.009 falls
within the “except where otherwise provided” language in rule 131 and that section
37.009 therefore controls over rule 131.

Courts
of appeals appear to be split on the question of whether section 37.009
controls over rule 131 in declaratory judgment actions.[16] 
The Supreme Court of Texas has not addressed the issue, but it has previously applied
rule 131 in a declaratory judgment action and held that the trial court’s taxing
of costs against the successful party was contrary to that rule.[17] 
By implication, the Supreme Court appears to consider rule 131 to be applicable
in declaratory judgment actions, but the Camarena court did not discuss
the relation between the two provisions.  We need not decide the question,
however, because Dao did not preserve this complaint for appeal.  Although Dao
stated in his summary judgment motion that he had incurred attorney’s fees and
costs, he did not ask the trial court to award him his costs in the motion. 
And in his motion to modify the judgment in which he asked the trial court to
award him attorney’s fees, he did not ask the trial court to award him costs.  We
overrule Dao’s first issue.[18]

In
Dao’s second issue, he argues that the trial court abused its discretion by not
awarding him attorney’s fees.  Dao did not move for summary judgment on
attorney’s fees. Dao argues, however, that in his post-judgment motion to modify
the judgment to award attorney’s fees, he included an affidavit from his
attorney “to establish the reasonableness, the amount, the necessity, the
equitableness, and the justness of the fees sought.”  He argues that the trial
court abused its discretion by not awarding the fees under section 37.009.[19]

Unlike
with costs, the rules of civil procedure do not provide that the trial court
should grant the successful party recovery of his or her attorney’s fees.  Attorney’s
fees are generally not recoverable in Texas except where provided for by
statute or by contract.[20]  One statute that
provides for the recovery of attorney’s fees is section 37.009, which gives the
trial court discretion to award reasonable attorney’s fees “as are equitable
and just.”[21]

In MBM
Financial Corporation, the Supreme Court of Texas addressed the question of
attorney’s fees in a declaratory judgment action based on breach of contract
when no damages were awarded.[22]  That court stated that 

when a claim for
declaratory relief is merely tacked onto a standard suit based on a matured
breach of contract, allowing fees under Chapter 37 would frustrate the limits
Chapter 38 imposes on such fee recoveries. And granting fees under Chapter 37
when they are not permitted under the specific common-law or statutory claims
involved would violate the rule that specific provisions should prevail over
general ones. While the Legislature intended the [Declaratory Judgments Act] to
be remedial, it did not intend to supplant all other statutes and remedies.

At trial, the Woodlands recovered no
damages on its breach of contract claim, so it cannot recover fees under
Chapter 38. Allowing it to recover the same fees under Chapter 37 would
frustrate the provisions and limitations of the neighboring chapter in the same
Code.  Accordingly, we hold the Woodlands cannot recover attorney’s fees under
the Declaratory Judgments Act.[23]

Similarly,
here, Dao prevailed on his claim, but the claim was based on a matured breach
of contract, and he recovered no damages.  Rather than seeking declaratory
relief that would afford him greater or different relief than he was entitled
to on his breach of contract specific performance claim, Dao’s declaratory
judgment claim was premised entirely on his breach of contract claim.  Under
the Supreme Court’s opinion in MBM Financial, Dao was not entitled to
recover attorney’s fees.  Accordingly, we cannot say that the trial court
abused its discretion by not awarding them.  We overrule Dao’s second issue.

Conclusion

Having
overruled all of Town Center’s and Dao’s issues, we affirm the trial court’s
summary judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT,
MEIER, and GABRIEL, JJ.

 

DELIVERED: May 17, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. Civ. P. 166a.





[3]Travelers
Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010); Mann Frankfort
Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex.
2009); 20801, Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).





[4]Bexar Metro. Water Dist. v. City of Bulverde, 156 S.W.3d 79, 88 (Tex. App.—Austin 2004, pet. denied) (“A person
seeking a declaratory judgment need not have incurred actual injury.”); Tex. & N. O. R. Co. v. Houston Belt & Terminal Ry. Co., 308 S.W.2d 912, 919 (Tex. Civ. App.—Houston 1957, no writ)
(addressing the appellee’s argument that the appellant’s suit could not be
maintained because the appellant did not show damages and holding that “our
courts are empowered to declare rights and other legal relations whether or not
other relief is asked,” that the appellant asked for a determination of the
appellees’ rights under an agreement, and that “it is legally
entitled to an answer without showing of damages”); see also Paciwest,
Inc. v. Warner Alan Props., LLC, 266 S.W.3d 559, 575 (Tex. App.—Fort Worth
2008, pet. denied) (noting that damages and specific performance are
alternative remedies); Purington v. Brown, 133 S.W. 1080, 1081 (Tex.
Civ. App.—San Antonio 1911, no writ) (stating that damages and specific
performance are “utterly inconsistent with each other” and that “recovery in
one would absolutely preclude recovery in the other”).





[5]See
Tex. R. App. P. 44.1.





[6]Reynolds
v. Reynolds, 86 S.W.3d 272, 275–76 (Tex. App.—Austin 2002); see also
Tex. Dep’t of Transp. v. Sefzik, 355 S.W.3d 618, 622 (Tex. 2011) (referring
to the uniform declaratory judgments act as “merely a procedural device for
deciding cases already within a court’s jurisdiction”); Sid Richardson
Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 752 (5th
Cir. 1996) (“Although the petition formally stated two independent causes of
action for breach of contract and declaratory judgment, the latter ground is
merely a theory of recovery for the former”).





[7]See
MBM Fin. Corp. v. Woodlands Operating Co., L.P., 292 S.W.3d 660, 667 (Tex.
2009) (stating that declaratory relief is available in contract cases even
after a breach of the contract has occurred); see also Tex. Civ. Prac.
& Rem. Code Ann. § 37.004 (West 2008) (stating that a person
interested under a contract may obtain a declaration of rights, status, or
other legal relations under the contract and that the contract may be construed
either before or after there has been a breach of the contract).  But see
Hill v. Heritage Res., Inc., 964 S.W.2d 89, 140 (Tex. App.—El Paso 1997,
pet. denied) (concluding that if a factual dispute as to whether a party had
breached a contract was the only issue to be resolved, a declaratory judgment
was not the proper remedy).





[8]See Clement
v. City of Plano, 26 S.W.3d 544, 549–50 (Tex. App.—Dallas 2000, no pet.) (stating
that in the context of summary judgment motions, “[a] ‘ground’ is a reason the
movant is entitled to summary judgment”), disapproved of on other grounds by
Telthorster v. Tennell, 92 S.W.3d 457 (Tex. 2002); Bryan A. Garner, A
Dictionary of Modern Legal Usage 393 (2d ed. 1995) (equating “ground” with
“reason”).





[9]Tex. R.
Civ. P. 131, 141.





[10]Tex.
Civ. Prac. & Rem. Code Ann. § 37.009 (West 2008).





[11]Tex.
R. Civ. P. 131.





[12]Tex.
R. Civ. P. 141.





[13]See
Mixon v. Nat’l Union Fire
Ins. Co. of Pittsburgh, Pa., 806 S.W.2d 332, 335
(Tex. App.—Fort Worth 1991,
writ denied) (defining “successful party” as “one who obtains a judgment of a
competent court vindicating a civil claim of right”).





[14]See
Tex. R. Civ. P. 141; Rogers v. Walmart Stores, Inc., 686 S.W.2d 599, 601 (Tex. 1985).





[15]See
Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (“In any proceeding under
this chapter, the court may award costs and reasonable and necessary
attorney’s fees as are equitable and just.”) (emphasis added).





[16]See
McCuen v. Huey, 255 S.W.3d 716, 735 (Tex. App.—Waco 2008, no pet.) (noting
the division among the courts as to whether rules 131 and 141 apply in
declaratory judgment actions).





[17]Camarena
v. Tex. Emp’t Comm’n, 754 S.W.2d 149, 152 (Tex. 1988).





[18]See
Tex. R. App. P. 33.1; see also Samco Props., Inc. v. Cheatham, 977
S.W.2d 469, 479 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (holding
that party did not preserve for appeal its complaint about the taxing of costs
because it did not make the trial court aware of its complaint).





[19]See
Hunter v. PriceKubecka, PLLC,
339 S.W.3d 795, 804 (Tex. App.—Dallas 2011, no pet.) (reviewing a trial court’s denial of a
motion to modify a judgment for abuse of discretion); see also Eng’rs’
Petroleum Co. v. Gourley, 243 S.W. 595, 598 (Tex. Civ. App.—Fort Worth
1922, no writ) (holding trial court did not abuse its discretion by amending
judgment during term).





[20]Dallas
Cent. Appraisal Dist. v. Seven Inv. Co., 835 S.W.2d 75, 77 (Tex. 1992).





[21]Tex.
Civ. Prac. & Rem. Code Ann. § 37.009.





[22]MBM
Fin. Corp., 292 S.W.3d at 670.





[23]Id.