

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00281-CV

TOWN CENTER MALL, L.P.                    APPELLANT AND APPELLEE

V.

JACQUES GIA DAO                          APPELLEE AND APPELLANT

----------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

The trial court granted summary judgment for Jacques Gia Dao in his suit against his landlord Town Center Mall, L.P., in a dispute over the parties' lease agreement. The trial court declined, however, to award Dao costs or attorney's fees. Both parties now appeal. In its appeal, Town Center brings four issues, arguing that (1) the trial court erred in its interpretation of the lease provisions; (2)

---

[1]*See* Tex. R. App. P. 47.4.

the trial court erred in its application of the facts; (3) the evidence was insufficient to support summary judgment for Dao; and (4) the trial court erred by granting summary judgment on a ground not presented in Dao's summary judgment motion. Dao raises two issues in his appeal, one challenging the trial court's failure to award him costs and the other challenging the trial court's failure to award him attorney's fees. Because we hold that the trial court did not err by granting summary judgment for Dao, that the trial court did not abuse its discretion by not awarding Dao attorney's fees, and that Dao failed to preserve his complaint regarding the taxing of costs, we affirm.

In August 1997, Dao and Town Center entered into a lease agreement for property at La Gran Plaza mall. The lease term was defined as beginning on August 1, 1997 and ending on July 31, 2008. The lease contained a provision stating that Dao could extend his lease for one ten-year term. The lease also contained provisions allowing Town Center to terminate the lease upon an uncured default by Dao.

In August 2007, Town Center's representative sent Dao's wife a letter to notify her of "operations issues that must be addressed immediately." The letter identified some problems on the premises that Dao needed to remedy, such as "heating ventilation and air-conditioning must be in working order" and "[s]mall ladder must be removed from the canopy." The letter did not mention any problems with the fire prevention system. Dao's wife responded with a letter indicating that the problems had been remedied.

In April 2008, Dao notified Town Center of his intent to exercise the ten-year extension of the lease.  In May 2008, Town Center sent Dao a letter "in efforts to resolve the ongoing operational issues noted in recent inspections of the Premises."  One of the problems listed in the letter was that "[t]he fire system needs to have a current and clear inspection"; the letter informed Dao that "[y]ou will need to provide the Landlord with verification when this has been completed."

In June 2008, Town Center notified Dao that the City of Fort Worth had found that the fire sprinkler system on the premises was inoperable and needed to be either activated or removed entirely.  Town Center stated that it would not consent to removal of the sprinkler system and that Dao therefore needed to activate the sprinkler system to remain in compliance with the lease.  Town Center stated in the letter that if Dao did not remedy the problem with the sprinkler system, Town Center would "have no choice but to exercise all of its rights and remedies under the Lease, including termination."  In September 2008, Town Center notified Dao that it was terminating the lease.

Dao filed suit against Town Center for breach of contract, seeking specific performance and, alternatively, a declaratory judgment that Town Center had breached the contract and that he had not breached the contract.  Town Center filed a counterclaim for declaratory judgment, seeking a declaration that, among other things, it had properly terminated the lease.

Both parties filed motions for summary judgment.  The trial court granted Dao's motion and denied Town Center's motion.  In the proposed judgment that

3

Dao had provided to the trial court, Dao had included language that he "be entitled to recover reasonable and necessary attorneys' fees and court costs as determined at a later time by the Court or trier of fact." The trial court crossed out this language. Dao then filed a motion for attorney's fees and to modify the judgment to award attorney's fees, which the trial court denied. Both parties then appealed.

## Town Center's Appeal

In its first issue, Town Center argues that the trial court erred in its interpretation of the lease provisions. It argues that (1) the lease required Dao to make any repairs or replacements required by any authority; (2) the Fort Worth Fire Department (FWFD) issued warnings on at least two occasions that the fire sprinkler system needed repair or removal; and (3) therefore, it was Dao's responsibility under the lease to repair or replace the fire sprinkler system. Dao argued in his motion for summary judgment that FWFD had given him the option of repairing or removing the sprinkler system. Dao attached summary judgment evidence in the form of testimony from Shelly Campbell, Operations Director for La Gran Plaza, at a temporary injunction hearing in this case. Campbell acknowledged that FWFD had given Dao the option of removing the sprinkler system to bring it into compliance, that Dao had tried to remove it, and that Town Center would not allow him to do so.

Although Town Center wanted Dao to repair rather than remove the sprinkler system, Dao submitted summary judgment evidence sufficient to show

4

that FWFD would allow him to either repair *or* remove the sprinkler system and thus that FWFD did not require him to repair the sprinkler system. Town Center did not provide any evidence in its response showing that any other authority required Dao to repair, rather than remove, the sprinkler system. Accordingly, because no authority required Dao to repair the sprinkler system, the section of the lease requiring Dao to make repairs as required by authority did not give rise to a contractual duty to repair the sprinkler system in this case. We overrule Town Center's first issue.

In its second issue, Town Center argues that the trial court erred in its application of the facts because the great weight and preponderance of the evidence demonstrated that Dao breached the lease. We interpret this argument to assert either that Town Center produced sufficient summary judgment evidence to raise a genuine issue of material fact on Dao's summary judgment grounds or that Town Center established its right to summary judgment as a matter of law.[2]

Much of Town Center's argument under this issue duplicates its argument under its first issue, and to the extent that it does so, we overrule Town Center's issue. Town Center also argues that the lease required Dao to make any needed repairs to plumbing fixtures and that the sprinkler system was a plumbing fixture. But that provision of the lease stated that Dao was required to make "all

---

[2]*See* Tex. R. Civ. P. 166a.

5

*needed* repairs and replacements, including . . . repairs and replacements of plumbing fixtures." [Emphasis added.] Town Center does not direct this court to any evidence in the record showing that the repairs it wanted Dao to make to the sprinkler system were needed, other than FWFD requiring Dao to either repair *or* remove the sprinkler system. Thus, Town Center did not establish its right to judgment as a matter of law on this ground, and it did not produce evidence sufficient to raise a fact issue on this ground. We therefore cannot say that the trial court erred by concluding that the lease did not require Dao to repair the sprinkler system. We overrule Town Center's second issue.

In its third issue, Town Center argues that the trial court erred by rendering summary judgment for Dao because there was insufficient evidence to support such a finding. In Town Center's first argument under this issue, it contends that Dao's affidavit, which was attached to his motion as summary judgment evidence, fails to prove all the essential elements of his breach of contract claim and that the granting of summary judgment rested almost entirely on this affidavit.

We disagree with Town Center's characterization of the evidence. The trial court had before it as summary judgment evidence a copy of the lease, which provided that Dao "may extend the Lease Term for one consecutive period of ten years." The trial court also had evidence before it that, rather than allowing Dao to extend the lease, Town Center had elected to terminate the lease on the ground that Dao was in default for not repairing the sprinkler system. Finally, the

6

trial court had before it evidence from which, as discussed above, it could conclude that Dao was not required by any authority to repair the sprinkler system. Applying the appropriate standard of review,[3] we overrule the part of Town Center's issue arguing that the trial court's grant of summary judgment was erroneous on the ground that it was based almost entirely on Dao's affidavit.

Town Center also argues that the trial court erred by granting summary judgment for Dao because he failed to provide any evidence of damages. Dao was not required, however, to prove damages to be entitled to either of the remedies he sued to obtain.[4] We overrule this part of Town Center's third issue.

Finally under its third issue, Town Center argues that the trial court erred by failing to strike certain statements in Dao's affidavit. We have held that the

---

[3] *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

[4] *Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 88 (Tex. App.—Austin 2004, pet. denied) ("A person seeking a declaratory judgment need not have incurred actual injury."); *Tex. & N. O. R. Co. v. Houston Belt & Terminal Ry. Co.*, 308 S.W.2d 912, 919 (Tex. Civ. App.—Houston 1957, no writ) (addressing the appellee's argument that the appellant's suit could not be maintained because the appellant did not show damages and holding that "our courts are empowered to declare rights and other legal relations whether or not other relief is asked," that the appellant asked for a determination of the appellees' rights under an agreement, and that "it is legally entitled to an answer without showing of damages"); *see also Paciwest, Inc. v. Warner Alan Props., LLC*, 266 S.W.3d 559, 575 (Tex. App.—Fort Worth 2008, pet. denied) (noting that damages and specific performance are alternative remedies); *Purington v. Brown*, 133 S.W. 1080, 1081 (Tex. Civ. App.—San Antonio 1911, no writ) (stating that damages and specific performance are "utterly inconsistent with each other" and that "recovery in one would absolutely preclude recovery in the other").

7

trial court had evidence before it, other than the objected-to portions of Dao's affidavit, from which it could have properly granted summary judgment. Thus, if the trial court's failure to strike those portions was error, it was harmless error.[5] We overrule Town Center's third issue.

Town Center argues in its fourth issue that the trial court erred by granting summary judgment on a ground not presented in Dao's motion. In its judgment, the trial court did not grant the declaratory relief that Dao had sought in his petition—that the trial court declare that he had not breached the lease and that Town Center had breached the lease. Rather, the trial court granted declaratory relief that in effect gave Dao the specific performance he had sought in his petition, ordering that "Dao be entitled to a declaratory judgment allowing him to extend his current lease with [Town Center] as per agreed upon terms and conditions set forth in the parties' lease agreement." In the section of its brief on this issue, Town Center does not argue that the trial court erred by granting specific performance as relief on a declaratory judgment claim. Rather, it argues that Dao did not establish his right to declaratory relief, stating that "Dao moved for summary judgment only on his breach of contract cause of action" but that the trial court granted "Dao final judgment on his cause of action for declaratory judgment."

---

[5] *See* Tex. R. App. P. 44.1.

8

Town Center argues that "Dao neglected to cite the Uniform Declaratory Judgments Act, or even mention a declaratory judgment, in the Argument section of his Motion for Final Summary Judgment"; that "[t]he only hint that Dao might be seeking summary judgment on his cause of action for declaratory judgment is found in the 'Prayer' section of his motion"; and that Dao's motion "fails to meet the fair notice requirement." Town Center also argues that Dao "failed to identify the elements of a cause of action for declaratory judgment or explain how or why no genuine issues of material fact exist on each element."

We do not know which elements of Dao's claim that Town Center believes were not addressed because Town Center does not identify those elements in its brief. But we point out that a declaratory judgment is simply a remedy for a cause of action already within the court's jurisdiction.[6] Dao's declaratory judgment claim was premised entirely on his breach of contract claim, the elements of which Dao set out in his motion. Dao correctly noted in his motion that he had sued Town Center for breach of contract and sought a declaratory judgment. As discussed above, in Dao's petition, he had asserted a claim for breach of contract seeking the remedy of specific performance, and he

---

[6] *Reynolds v. Reynolds*, 86 S.W.3d 272, 275–76 (Tex. App.—Austin 2002); *see also Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 622 (Tex. 2011) (referring to the uniform declaratory judgments act as "merely a procedural device for deciding cases already within a court's jurisdiction"); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 (5th Cir. 1996) ("Although the petition formally stated two independent causes of action for breach of contract and declaratory judgment, the latter ground is merely a theory of recovery for the former").

9

alternatively asserted a claim for a declaratory judgment that he was in compliance with the contract and that Town Center had breached the contract. Thus, all of the relief requested by Dao was premised on an allegation that Town Center was in breach of the lease.

In Dao's summary judgment motion, he stated that he was "entitled to summary judgment because [he] can prove each element of his cause of action as a matter of law," and he noted that "[t]o carry his burden, [he] must prove all elements of his cause of action for breach of contract." If Dao was entitled to a declaration that Town Center had breached the contract, then to establish his right to such a declaration, he would have to prove that Town Center was in breach.[7]

Dao set out in his motion the elements for breach of contract, and he also pointed to the evidence that he believed showed as a matter of law that Town Center had breached the lease. Then, in his prayer, he prayed that the trial court "grant this motion for summary judgment, declare that [Dao] has not breached the lease agreement, declare that plaintiff [sic] has breached the lease

_____

[7] *See MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 667 (Tex. 2009) (stating that declaratory relief is available in contract cases even after a breach of the contract has occurred); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 2008) (stating that a person interested under a contract may obtain a declaration of rights, status, or other legal relations under the contract and that the contract may be construed either before or after there has been a breach of the contract). *But see Hill v. Heritage Res., Inc.*, 964 S.W.2d 89, 140 (Tex. App.—El Paso 1997, pet. denied) (concluding that if a factual dispute as to whether a party had breached a contract was the only issue to be resolved, a declaratory judgment was not the proper remedy).

10

agreement, and for such other relief the court deems just and proper." We disagree with Town Center's assertions that the motion did not give notice that Dao sought summary judgment on his declaratory judgment claim and that the trial court granted summary judgment on a ground not asserted in the motion.[8] We overrule Town Center's fourth issue.

## Dao's Appeal

In Dao's first issue, he argues that the trial court abused its discretion by failing to award him costs under rules 131 and 141 of the rules of civil procedure[9] or under section 37.009[10] of the civil practice and remedies code.

Civil procedure rule 131 provides that "[t]he successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided."[11] Rule 141 states that "[t]he court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules."[12] Dao argues that the trial court abused its discretion by not either

---

[8]*See Clement v. City of Plano*, 26 S.W.3d 544, 549–50 (Tex. App.—Dallas 2000, no pet.) (stating that in the context of summary judgment motions, "[a] 'ground' is a reason the movant is entitled to summary judgment"), *disapproved of on other grounds by Telthorster v. Tennell*, 92 S.W.3d 457 (Tex. 2002); Bryan A. Garner, A Dictionary of Modern Legal Usage 393 (2d ed. 1995) (equating "ground" with "reason").

[9]Tex. R. Civ. P. 131, 141.

[10]Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2008).

[11]Tex. R. Civ. P. 131.

[12]Tex. R. Civ. P. 141.

11

awarding costs under rule 131 or providing an explanation in accordance with rule 141 as to why the costs were not awarded to him.

Because Dao was the successful party,[13] the rules of civil procedure required the trial court to award him costs except for good cause shown on the face of the record.[14] Town Center argues, however, that under section 37.009 of the civil practice and remedies code, the trial court has discretion in awarding costs in declaratory judgment actions.[15] Town Center contends that the trial court is not required to award costs to the successful party in a declaratory judgment action because section 37.009 falls within the "except where otherwise provided" language in rule 131 and that section 37.009 therefore controls over rule 131.

Courts of appeals appear to be split on the question of whether section 37.009 controls over rule 131 in declaratory judgment actions.[16] The Supreme

---

[13] *See Mixon v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 806 S.W.2d 332, 335 (Tex. App.—Fort Worth 1991, writ denied) (defining "successful party" as "one who obtains a judgment of a competent court vindicating a civil claim of right").

[14] *See* Tex. R. Civ. P. 141; *Rogers v. Walmart Stores, Inc.*, 686 S.W.2d 599, 601 (Tex. 1985).

[15] *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 ("In any proceeding under this chapter, the court *may* award costs and reasonable and necessary attorney's fees as are equitable and just.") (emphasis added).

[16] *See McCuen v. Huey*, 255 S.W.3d 716, 735 (Tex. App.—Waco 2008, no pet.) (noting the division among the courts as to whether rules 131 and 141 apply in declaratory judgment actions).

12

Court of Texas has not addressed the issue, but it has previously applied rule 131 in a declaratory judgment action and held that the trial court's taxing of costs against the successful party was contrary to that rule.[17] By implication, the Supreme Court appears to consider rule 131 to be applicable in declaratory judgment actions, but the *Camarena* court did not discuss the relation between the two provisions. We need not decide the question, however, because Dao did not preserve this complaint for appeal. Although Dao stated in his summary judgment motion that he had incurred attorney's fees and costs, he did not ask the trial court to award him his costs in the motion. And in his motion to modify the judgment in which he asked the trial court to award him attorney's fees, he did not ask the trial court to award him costs. We overrule Dao's first issue.[18]

In Dao's second issue, he argues that the trial court abused its discretion by not awarding him attorney's fees. Dao did not move for summary judgment on attorney's fees. Dao argues, however, that in his post-judgment motion to modify the judgment to award attorney's fees, he included an affidavit from his attorney "to establish the reasonableness, the amount, the necessity, the

---

[17] *Camarena v. Tex. Emp't Comm'n*, 754 S.W.2d 149, 152 (Tex. 1988).

[18] *See* Tex. R. App. P. 33.1; *see also Samco Props., Inc. v. Cheatham*, 977 S.W.2d 469, 479 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (holding that party did not preserve for appeal its complaint about the taxing of costs because it did not make the trial court aware of its complaint).

equitableness, and the justness of the fees sought." He argues that the trial

court abused its discretion by not awarding the fees under section 37.009.[19]

Unlike with costs, the rules of civil procedure do not provide that the trial

court should grant the successful party recovery of his or her attorney's fees.

Attorney's fees are generally not recoverable in Texas except where provided for

by statute or by contract.[20] One statute that provides for the recovery of

attorney's fees is section 37.009, which gives the trial court discretion to award

reasonable attorney's fees "as are equitable and just."[21]

In *MBM Financial Corporation*, the Supreme Court of Texas addressed the

question of attorney's fees in a declaratory judgment action based on breach of

contract when no damages were awarded.[22] That court stated that

> when a claim for declaratory relief is merely tacked onto a standard
> suit based on a matured breach of contract, allowing fees under
> Chapter 37 would frustrate the limits Chapter 38 imposes on such
> fee recoveries. And granting fees under Chapter 37 when they are
> not permitted under the specific common-law or statutory claims
> involved would violate the rule that specific provisions should prevail
> over general ones. While the Legislature intended the [Declaratory

---

[19] *See Hunter v. PriceKubecka, PLLC*, 339 S.W.3d 795, 804 (Tex. App.—Dallas 2011, no pet.) (reviewing a trial court's denial of a motion to modify a judgment for abuse of discretion); *see also Eng'rs' Petroleum Co. v. Gourley*, 243 S.W. 595, 598 (Tex. Civ. App.—Fort Worth 1922, no writ) (holding trial court did not abuse its discretion by amending judgment during term).

[20] *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992).

[21] Tex. Civ. Prac. & Rem. Code Ann. § 37.009.

[22] *MBM Fin. Corp.*, 292 S.W.3d at 670.

14

Judgments Act] to be remedial, it did not intend to supplant all other statutes and remedies.

At trial, the Woodlands recovered no damages on its breach of contract claim, so it cannot recover fees under Chapter 38. Allowing it to recover the same fees under Chapter 37 would frustrate the provisions and limitations of the neighboring chapter in the same Code. Accordingly, we hold the Woodlands cannot recover attorney's fees under the Declaratory Judgments Act.[23]

Similarly, here, Dao prevailed on his claim, but the claim was based on a matured breach of contract, and he recovered no damages. Rather than seeking declaratory relief that would afford him greater or different relief than he was entitled to on his breach of contract specific performance claim, Dao's declaratory judgment claim was premised entirely on his breach of contract claim. Under the Supreme Court's opinion in *MBM Financial*, Dao was not entitled to recover attorney's fees. Accordingly, we cannot say that the trial court abused its discretion by not awarding them. We overrule Dao's second issue.

## Conclusion

Having overruled all of Town Center's and Dao's issues, we affirm the trial court's summary judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, MEIER, and GABRIEL, JJ.

DELIVERED: May 17, 2012

---

[23]*Id.*

15